Electronically Filed - CITY OF ST. LOUIS - September 12, 2025 - 10:15 AM

**IN THE CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**ST. LOUIS CITY, MISSOURI**

| | | |
|---|---|---|
| JASON CRADY, and his wife NICOLE CRADY, | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| vs. | ) | Cause No.:  2522-CC09201 |
| | ) | |
| 3M COMPANY (A/K/A MINNESOTA MINING | ) | Jury Trial Demanded |
| AND MANUFACTURING COMPANY); | ) | |
| AGC CHEMICALS AMERICAS, INC.; | ) | |
| ALLSTAR FIRE EQUIPMENT; | ) | |
| ARCHROMA U.S. INC.; | ) | |
| CB GARMENT, INC. (D/B/A CREWBOSS); | ) | |
| CONWAY SHIELD, INC.; | ) | |
| DU PONT DE NEMOURS, INC | ) | |
| (F/K/A DOWDUPONT INC.); | ) | |
| ED M. FELD EQUIPMENT CO., INC.; | ) | |
| FIRE-DEX, INC; | ) | |
| FIRE-DEX, LLC; | ) | |
| GLOBE HOLDING COMPANY, LLC; | ) | |
| GLOBE MANUFACTURING COMPANY, LLC; | ) | |
| HONEYWELL INTERNATIONAL, INC.; | ) | |
| HONEYWELL SAFETY PRODUCTS USA, INC.; | ) | |
| INNOTEX CORP.; | ) | |
| LAKELAND INDUSTRIES, INC.; | ) | |
| LEO ELLEBRACHT COMPANY; | ) | |
| LION APPAREL, INC.; | ) | |
| MAJESTIC FIRE APPAREL, INC.; | ) | |
| MORNING PRIDE MANUFACTURING L.L.C.; | ) | |
| PHENIX FIRE PROTECTORS LLC; | ) | |
| SENTINEL EMERGENCY SOLUTIONS, LLC; | ) | |
| SOUTHERN MILLS, INC. D/B/A TENCATE | ) | |
| PROTECTIVE FABRICS USA; | ) | |
| TECHTRADE LLC; | ) | |
| VERIDIAN LIMITED D/B/A VERIDIAN FIRE | ) | |
| PROTECTIVE GEAR; | ) | |
| W. L. GORE & ASSOCIATES, INC.; and | ) | |
| WITMER PUBLIC SAFETY GROUP, INC. | ) | |
| (D/B/A THE FIRE STORE); | ) | |
| | ) | |
| Defendants. | ) | |

Electronically Filed - CITY OF ST. LOUIS - September 12, 2025 - 10:15 AM

**SECOND AMENDED PETITION**

COME NOW, Petitioners, Jason Crady (hereinafter Petitioner" or "Crady") and Nicole Crady (hereinafter collectively as "Petitioners"), by and through their attorneys, Michael J. Angelides, G. Michael Stewart, and Daniel P. Blouin of Simmons Hanly Conroy, and Robert D. Blitz of Blitz, Bardgett, & Deutsch, L.C., and state as follows for their Second Amended Petition against Defendants:

**PARTIES**

1. Petitioners are residents of 2127 Preston Woods Parkway, Lake St. Louis, Missouri 63367.

2. Petitioners were married on October 22, 2011.

3. Defendant LEO M. ELLEBRACHT COMPANY is a Missouri corporation headquartered in Missouri, and doing business in Missouri.  Defendant LEO M. ELLEBRACHT COMPANY was recently administratively dissolved for failing to file an annual report and is still a proper party and Missouri corporation pursuant to Missouri Revised Statutes Section 351 Et.seq. and others.

4. Defendant SENTINEL EMERGENCY SOLUTIONS, LLC is a Missouri corporation headquartered in Missouri and doing business in Missouri.

5. Defendants 3M COMPANY (A/K/A MINNESOTA MINING AND MANUFACTURING COMPANY); AGC CHEMICALS AMERICAS, INC.; ALLSTAR FIRE EQUIPMENT; ARCHROMA U.S. INC.; CB GARMENT, INC. (D/B/A CREWBOSS); CONWAY SHIELD, INC.; DU PONT DE NEMOURS, INC (F/K/A DOWDUPONT INC.); ED M. FELD EQUIPMENT CO., INC.; FIRE-DEX, INC; FIRE-DEX, LLC; GLOBE HOLDING COMPANY, LLC; GLOBE MANUFACTURING COMPANY, LLC; HONEYWELL INTERNATIONAL, INC.; HONEYWELL SAFETY PRODUCTS USA, INC.; INNOTEX CORP.; LAKELAND INDUSTRIES, INC.; LION APPAREL, INC.;

Electronically Filed - CITY OF ST. LOUIS - September 12, 2025 - 10:15 AM

MAJESTIC FIRE APPAREL, INC.,; MORNING PRIDE MANUFACTURING L.L.C.; PHENIX FIRE PROTECTORS LLC; SOUTHERN MILLS, INC. D/B/A TENCATE; PROTECTIVE FABRICS USA; TECHTRADE LLC; VERIDIAN LIMITED D/B/A VERIDIAN FIRE PROTECTIVE GEAR; W. L. GORE & ASSOCIATES, INC.; WITMER PUBLIC SAFETY GROUP, INC. (D/B/A THE FIRE STORE); are foreign corporations doing business in Missouri (all herein collectively referred to as "Defendants").

## JURISDICTION AND VENUE

6. Missouri courts have both personal jurisdiction over Defendants and subject matter jurisdiction over claims arising from injuries sustained within the state. Mo. Const. art. V, sec. 14; Sec. 506.500.1, RSMo.

7. Pursuant to Section 508.010.4, RSMo, venue is proper in the City of St. Louis, Missouri, as Petitioner's first injury occurred within the City of St. Louis.

## FACTUAL BACKGROUND

8. Petitioner Jason Crady was born February 6, 1981. Petitioner Nicole Crady was born February 25, 1985.

9. This is a case for damages based on Petitioner's thyroid cancer diagnosis in March of 2024. Petitioner's exposures to cancer-causing chemicals in products, gear, and/or equipment (hereinafter collectively referred to as "Products") manufactured, sold, distributed, marketed, designed, supplied, and/or used by Defendants caused or contributed to cause his thyroid cancer.

10. Petitioner was exposed to Defendants' cancer-causing Products during his career as an emergency medical technician, paramedic, and firefighter. Petitioner was first exposed to

Electronically Filed - CITY OF ST. LOUIS - September 12, 2025 - 10:15 AM

Defendants' cancer-causing chemicals within the City of St. Louis, Missouri, through the use, handling, and transportation of firefighting protective gear, and he subsequently used, handled, and transported Defendants' equipment or Products containing cancer-causing chemicals within the geographic boundaries of the State of Missouri.

11. Defendants conducted substantial business activities in Missouri, purposefully availing themselves of the state's marketplace.

12. Petitioner worked as an emergency medical technician, paramedic, and firefighter in the City of St. Louis, St. Louis County, and St. Charles County from 2005 to the present.

13. Petitioner was dermally exposed to, or otherwise inhaled, ingested, and/or otherwise absorbed cancer-causing chemicals included in firefighting protective gear.  Said cancer-causing chemicals were components and ingredients in various materials/Products that Petitioner worked with manufactured, produced, sold, or distributed by Defendants.

14. As a direct and proximate result of said exposure to cancer-causing chemicals, Petitioner contracted thyroid cancer and subsequently thereto became aware that the same was wrongfully caused by Defendants.

## COUNT 1 - Strict Liability: Design Defect
### (Against all Defendants)

15. Petitioner incorporates by reference the above paragraphs as if fully asserted herein.

16. Petitioner developed thyroid cancer, which caused him pain, suffering, disability, disfigurement, and loss of normal life as a result of his use of and/or exposure to Defendants' Products.

17. At all relevant times, Defendants engaged in the business of testing, developing, designing, manufacturing, marketing, selling, distributing, and promoting their Products, which are defective and unreasonably dangerous to consumers, users, and other persons coming into

Electronically Filed - CITY OF ST. LOUIS - September 12, 2025 - 10:15 AM

contact with them, including Petitioner, thereby placing their Products into the stream of commerce. These actions and Products were under the ultimate control and supervision of Defendants.

18. At all times relevant to this litigation, Defendants designed, researched, developed, formulated, manufactured, produced, tested, assembled, labeled, advertised, promoted, marketed, sold, and distributed their Products used by Petitioner, and/or to which Petitioner was exposed, as described above.

19. At all times relevant, Defendants' Products were manufactured, designed, and labeled in an unsafe, defective, and inherently dangerous manner that was dangerous for use by emergency medical technicians, paramedics, and firefighters including but not limited to Petitioner.

20. At all times relevant, Defendants' Products reached the targeted and intended consumers, handlers, and users or other persons coming into contact with these Products in Missouri and throughout the United States, including Petitioner, without substantial change in their condition as designed, manufactured, sold, distributed, labeled, and marketed by Defendants.

21. Defendants' Products, as researched, tested, developed, designed, licensed, formulated, manufactured, packaged, labeled, distributed, sold, and marketed by Defendants, were defectively manufactured and designed by Defendants in that when they left the hands of Defendants, they were unreasonably dangerous because they were not as safe as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner.

22. Therefore, at all relevant times to this litigation, Defendants' Products, as researched, tested, developed, designed, licensed, manufactured, packaged, labeled, distributed, sold,

Electronically Filed - CITY OF ST. LOUIS - September 12, 2025 - 10:15 AM

and marketed by Defendants, were defective in design and formulation, in one or more of the following ways:

    a.  When placed in the stream of commerce, Defendants' Products were defective in design and formulation, and, consequently, dangerous to an extent beyond that which an ordinary consumer would expect;

    b.  When placed in the stream of commerce, Defendants' Products were unreasonably dangerous in that they were hazardous and posed a grave risk of developing cancer and/or other serious illnesses when used in a reasonably anticipated manner; and

    c.  When placed in the stream of commerce, Defendants' Products contained unreasonably dangerous design defects and were not reasonably safe when used in a reasonably anticipated or intended manner.

23. At all times relevant to this litigation, Petitioner used and/or was exposed to Defendants' Products in an intended or reasonably foreseeable manner.

24. Petitioner could not have reasonably discovered the defects and risks associated with cancer-causing Products before or at the time of exposure.

25. Defendants' defective design of fire protection gear Products amounts to willful, wanton, and/or reckless conduct by Defendants.

26. As a direct and proximate result of the defective design and manufacture of Defendants' cancer-causing Products, Petitioner developed thyroid cancer and has been injured catastrophically and has been caused severe and permanent pain, suffering, disability, and impairment, loss of enjoyment of life, loss of care, comfort, and economic damages now and in the future.

27. Therefore, as a result of the unreasonably dangerous condition of the cancer-causing Products, Defendants are strictly liable to Petitioner.

Electronically Filed - CITY OF ST. LOUIS - September 12, 2025 - 10:15 AM

28. As a proximate result of Defendants' wrongful acts and omissions in placing defective cancer-causing Products into the stream of commerce, Petitioner has suffered severe and permanent physical and emotional injuries now and in the future. Petitioner has also endured pain and suffering and has suffered economic losses now and, in the future, (including significant expenses for medical care and treatment) in an amount to be determined at trial.

WHEREFORE, Petitioner Jason Crady prays this Court to enter judgment in his favor and against Defendants, jointly and severally, to award compensatory damages in an amount to be determined at trial and more than $50,000 and to grant such other and further relief as this Court deems appropriate.

### COUNT 2 - Strict Liability: Failure to Warn
### (Against all Defendants)

29. Petitioner incorporates by reference the above paragraphs as if fully asserted herein.

30. At all relevant times, Defendants engaged in the business of testing, developing, designing, manufacturing, marketing, selling, distributing, and promoting cancer-causing Products, which are defective and unreasonably dangerous to emergency medical technicians, paramedics, and firefighters including but not limited to Petitioner, because they do not contain adequate warnings or instructions concerning the dangerous characteristics of their Products. These actions were under the ultimate control and supervision of Defendants.

31. Defendants researched, developed, designed, tested, manufactured, inspected, labeled, distributed, marketed, promoted, sold, and otherwise released into the stream of commerce their cancer-causing Products, and in the course of same, directly advertised or marketed the Products to consumers and end users, including Petitioner, Petitioner's employers, Petitioner's co-workers, and persons responsible for consumers (such as employers), and

Electronically Filed - CITY OF ST. LOUIS - September 12, 2025 - 10:15 AM

Defendants therefore had a duty to warn of the risks associated with the reasonably foreseeable uses (and misuses) of their cancer-causing Products and a duty to instruct on the proper, safe use of these Products.

32. At all times relevant, Defendants had a duty to properly test, develop, design, manufacture, inspect, package, label, market, promote, sell, distribute, maintain supply, provide proper warnings, and take such steps as necessary to ensure that their Products did not cause users and consumers to suffer from unreasonable and dangerous risks. Defendants had a continuing duty to warn Petitioner of the dangers associated with the use of and/or exposure to their Products, and a continuing duty to instruct on the proper, safe use of these Products. Defendants, as manufacturers, sellers, and/or distributors of protective firefighting gear, are held to the knowledge of an expert in the field.

33. At the time of manufacture, Defendants could have provided warnings or instructions regarding the full and complete risks of their Products because they knew or should have known of the unreasonable risks of harm associated with the use of and/or exposure to these Products.

34. At all times relevant, Defendants failed to investigate, study, test, or promote the safety of their Products. Defendants also failed to minimize the dangers to users and consumers of their Products and to those who would foreseeably use or be harmed by their firefighting protective gear and products, including Petitioner.

35. Even though Defendants knew or should have known that their Products posed a grave risk of harm, they failed to warn of the dangerous risks associated with the use of and/or exposure to their Products. The dangerous propensities of their Products were known to Defendants, or scientifically knowable to Defendants through appropriate research and

Electronically Filed - CITY OF ST. LOUIS - September 12, 2025 - 10:15 AM

testing by known methods, at the time they distributed, supplied, or sold the Products, and not known to end users and consumers, such as Petitioner and his employers.

36. Defendants knew or should have known that their Products created significant risks of serious bodily harm to consumers, as alleged herein, and Defendants failed to adequately warn consumers and reasonably foreseeable users of the risks of exposure to these Products. Defendants have wrongfully concealed information concerning the dangerous nature of their Products and further made false and/or misleading statements concerning the safety of their Products.

37. At all times relevant, Defendants' Products reached the intended consumers, handlers, and users or other persons coming into contact with these Products throughout the United States, including Petitioner, without substantial change in their condition as designed, manufactured, sold, distributed, labeled, and marketed by Defendants.

38. At all times relevant, Petitioner used and/or was exposed to the use of Defendants' Products in their intended or reasonably foreseeable manner without knowledge of their dangerous characteristics.

39. Petitioner could not have reasonably discovered the defects and risks associated with Defendants' Products before or at the time of his use and/or exposure. Petitioner relied upon the skill, superior knowledge, and judgment of Defendants.

40. Defendants knew or should have known that the minimal warnings, if any, disseminated with their Products were inadequate, but they failed to communicate adequate information on the dangers and safe use of and/or exposure to their Products. In addition, they failed to communicate warnings and instructions that were appropriate and adequate to render the Products safe for their ordinary, intended, and reasonably foreseeable use as protective firefighting gear.

Electronically Filed - CITY OF ST. LOUIS - September 12, 2025 - 10:15 AM

41. Defendants' actions and inactions described above were performed willfully, intentionally and/or with reckless disregard for the rights and safety of Petitioner.

42. The information that Defendants did provide or communicate failed to contain relevant warnings, hazards, and precautions that would have enabled firefighters such as Petitioner to utilize the Products safely and with adequate protection.

43. Instead, Defendants disseminated information that was inaccurate, false, and misleading and which failed to communicate accurately or adequately the comparative severity, duration, and extent of the risk of injuries associated with the use of and/or exposure to their Products. In fact, Defendants continued to aggressively promote the efficacy of the Products, even after they knew or should have known of the unreasonable risks from use or exposure, as well as conceal, downplay, or otherwise suppress, through aggressive marketing and promotion, any information or research about the risks and dangers of exposure to their Products.

44. To this day, Defendants have still failed to adequately and accurately warn the users of their Products, including Petitioner, of the true risks of cancer associated with the use of and/or exposure to their Products.

45. To this day, and upon information and belief, Defendants have still failed to test, investigate, or study formulated Products relevant herein.

46. As a result of their inadequate warnings, Defendants' Products were defective and unreasonably dangerous when they left the possession and/or control of Defendants for distribution and use by Petitioner.

47. Defendants are strictly liable to Petitioner for injuries caused by their failure, as described above, to provide adequate warnings or other relevant information and data regarding the

Electronically Filed - CITY OF ST. LOUIS - September 12, 2025 - 10:15 AM

appropriate use of their Products and the risks associated with the use of or exposure to their Products.

48. The defects in Defendants' Products were substantial and contributing factors in causing and/or contributing to Petitioner's injuries.

49. Had Defendants provided adequate warnings and instructions and properly disclosed and disseminated the risks associated with their Products, Petitioner could have and would have avoided the risk of developing injuries as alleged herein.

50. As a proximate result of Defendants' wrongful acts and omissions in placing defective Products into the stream of commerce without adequate warnings of the hazardous and carcinogenic nature of the Products, Petitioner has suffered severe and permanent physical and emotional injuries now and in the future. Petitioner has also endured pain and suffering and has suffered economic losses now and, in the future, (including significant expenses for medical care and treatment) in an amount to be determined at trial.

WHEREFORE, Petitioner Jason Crady prays this Court to enter judgment in his favor and against Defendants, jointly and severally, to award compensatory damages in an amount to be determined at trial and more than $50,000, and to grant such other and further relief as this Court deems appropriate.

## COUNT 3 – Negligence
### (Against all Defendants)

51. Petitioner incorporates by reference the above paragraphs as if fully asserted herein.

52. At all relevant times, Defendants breached their duties to Petitioner and were otherwise negligent in marketing, designing, manufacturing, producing, supplying, inspecting, testing, selling and/or distributing their Products.

Electronically Filed - CITY OF ST. LOUIS - September 12, 2025 - 10:15 AM

53. Defendants, directly or indirectly, caused their Products to be purchased and/or used by Petitioner.

54. At all times relevant, Defendants had a duty to exercise reasonable care in the design, research, manufacture, marketing, advertisement, supply, promotion, packaging, sale, and distribution of their Products, including the duty to take all reasonable steps necessary to manufacture, promote, and/or sell a product that was not unreasonably dangerous to consumers and users, including Petitioner, and other persons coming into contact with the Products.

55. At all times relevant to this litigation, Defendants had a duty to exercise reasonable care in the marketing, advertisement, and sale of their Products.

56. Defendants' duty of care owed to consumers and the general public, including Petitioner, included providing accurate, true, and correct information concerning the risks of using their Products and appropriate, complete, and accurate warnings concerning the potential adverse effects of exposure to their Products.

57. At all times relevant to this litigation, Defendants knew or, in the exercise of reasonable care, should have known of the hazards and dangers of their Products.

58. Accordingly, at all times relevant to this litigation, Defendants knew or, in the exercise of reasonable care, should have known that use of or exposure to their Products could cause Petitioner's injuries and, thus, created a dangerous and unreasonable risk of injury to the users and consumers of these Products, including Petitioner.

59. Defendants knew or, in the exercise of reasonable care, should have known that their Products were toxic and that safety studies on their Products were necessary to protect Petitioner from their Products.

Electronically Filed - CITY OF ST. LOUIS - September 12, 2025 - 10:15 AM

60. Defendants also knew or, in the exercise of reasonable care, should have known that users and consumers of their Products were unaware of the risks and the magnitude of the risks associated with the use of and/or exposure to their Products.

61. As such, Defendants breached their duty of reasonable care and failed to exercise ordinary care in the design, research, development, manufacture, testing, marketing, supply, promotion, advertisement, packaging, sale, and distribution of their Products, in that Defendants manufactured and produced defective Products, knew or had reason to know of the defects inherent in their Products, knew or had reason to know that a user's or consumer's exposure to the Products created a significant risk of harm and unreasonably dangerous side effects, and failed to prevent or adequately warn of these risks and injuries.

62. Defendants failed to appropriately and adequately test their Products to protect Petitioner.

63. Despite Defendants' ability and means to investigate, study, and test the Products and to provide adequate warnings, Defendants still failed to do so and, thereby, wrongfully concealed information and have further made false and/or misleading statements concerning the safety and/or exposure to their Products.

64. Defendants' negligent acts toward Petitioner include, but are not limited to:

   a. Manufacturing, producing, promoting, formulating, creating, developing, designing, selling, and/or distributing protective firefighting gear Products without thorough and adequate pre- and post-market testing;

   b. Manufacturing, producing, promoting, formulating, creating, developing, designing, selling, and/or distributing protective firefighting gear Products while negligently and/or intentionally concealing and failing to disclose the results of trials, tests, and studies of exposure to their Products, and, consequently, the risk of serious harm associated with human use of and/or exposure to their Products;

Electronically Filed - CITY OF ST. LOUIS - September 12, 2025 - 10:15 AM

c.  Failing to undertake sufficient studies and conduct necessary tests to determine whether their Products were safe for their intended use as firefighting gear;

d.  Failing to test, investigate, or study the formulated Products;

e.  Failing to undertake sufficient studies and conduct necessary tests to determine the safety of "inert" ingredients and/or adjuvants contained within their Products and the propensity of these ingredients to render their Products toxic, increase the toxicity of their Products, whether these ingredients are carcinogenic, magnify the carcinogenic properties of their Products, and whether "inert" ingredients and/or adjuvants were safe for use;

f.  Failing to use reasonable and prudent care in the design, research, manufacture, formulation, and development of their Products so as to avoid the risk of serious harm associated with the prevalent use of their Products;

g.  Failing to design and manufacture their Products so as to ensure they were at least as safe and effective as other protective firefighting gear on the market or otherwise available;

h.  Failing to provide adequate instructions, guidelines, and safety precautions to those persons who Defendants could reasonably foresee would use and/or be exposed to their Products;

i.  Failing to disclose to Petitioner, users, consumers, and the general public that the use of and/or exposure to their Products presented severe risks of cancer and/or other grave illnesses;

j.  Failing to warn Petitioner, users, consumers, and the general public that the Products' risk of harm was unreasonable and that there were safer and effective

Electronically Filed - CITY OF ST. LOUIS - September 12, 2025 - 10:15 AM

alternative protective firefighting gear available to Petitioner and other users or consumers;

k.  Systematically suppressing or downplaying contrary evidence about the risks, incidence, and prevalence of the side effects and carcinogenicity of their Products;

l.  Representing that their Products were safe for their intended use when, in fact, Defendants knew or should have known that the Products were not safe for their intended use;

m.  Declining to make or propose any changes to their Products' labeling or other promotional materials that would alert the consumers and the general public of the risks of their Products;

n.  Advertising, marketing, and recommending the use of their Products, while concealing and failing to disclose or warn of the dangers known by Defendants to be associated with or caused by the use of and/or exposure to their Products;

o.  Continuing to disseminate information to their consumers, which indicates or implies that Defendants' Products are safe for use by firefighters; and

p.  Continuing the manufacture and sale of the Products with the knowledge that the Products were unreasonably unsafe and dangerous.

65. Defendants knew and/or should have known that it was foreseeable that consumers and/or users, such as Petitioner, would suffer injuries as a result of Defendants' failure to exercise ordinary care in the manufacturing, marketing, labeling, distribution, and sale of their Products.

66. Defendants' actions and inactions described above were performed willfully, intentionally and/or with reckless disregard for the rights and safety of Petitioner.

Electronically Filed - CITY OF ST. LOUIS - September 12, 2025 - 10:15 AM

67. Petitioner did not know the nature and extent of the injuries that could result from the intended use of and/or exposure to their Products.

68. Defendants' negligence was the proximate cause of the injuries, harm, and economic losses that Petitioner suffered, and will continue to suffer, as described herein.

69. Defendants' conduct, as described above, was reckless. Defendants regularly risked the lives of consumers and users of their Products, including Petitioner, with full knowledge of the dangers of their Products. Defendants have made conscious decisions not to redesign, re-label, warn, or inform the unsuspecting public, including Petitioner.

70. As a proximate result of Defendants' wrongful acts and omissions stated herein, Petitioner has suffered severe and permanent physical and emotional injuries now and in the future. Petitioner has also endured pain and suffering and has suffered economic losses now and, in the future, (including significant expenses for medical care and treatment) in an amount to be determined at trial.

WHEREFORE, Petitioner Jason Crady prays this Court to enter judgment in his favor and against Defendants, jointly and severally, to award compensatory damages in an amount to be determined at trial and more than $50,000, and to grant such other and further relief as this Court deems appropriate.

### COUNT 4 - Violations of the Missouri Merchandising Practices Act
**(Against all Defendants)**

71. Petitioner incorporates by reference the above paragraphs as if fully asserted herein.

72. At all relevant times, Defendants engaged in consumer commerce and trade, including advertising, offering for sale, sale, or distribution of tangible or personal property by selling, distributing, and/or advertising firefighting gear Products.

Electronically Filed - CITY OF ST. LOUIS - September 12, 2025 - 10:15 AM

73. The Missouri Merchandising Practices Act (the "MMPA"), Section 407.010, et seq., RSMo, was enacted to protect consumers from unfair or deceptive acts and practices.

74. At all relevant times, Defendants' sale of their Products and conduct in connection with their sales was impermissible and illegal in violation of the MMPA in that Defendants engaged in unfair or deceptive acts or practices by engaging in fraudulent or deceptive conduct which created a likelihood of confusion or misunderstanding.

75. Defendants mislead, falsely, unconscionably, and/or deceptively misrepresented and/or omitted material facts regarding, among other things, the safety of their Products by failing to disclose the risk of developing cancer from using the Products in a manner foreseeable and/or intended.

76. Defendants' conduct violated the MMPA and caused Petitioner an ascertainable loss.

77. Defendants were in the possession of evidence demonstrating that their Products caused and/or have the potential to cause cancer. Nevertheless, Defendants continued to market, sell, and distribute their Products without disclosing the above information regarding their Products.

78. Petitioner relied upon the packaging of Defendants' Products that he used, which did not state, although it could have, that the Products contained a cancer-causing toxic substance that could cause injuries such as thyroid cancer.

79. As a result, Petitioner continued to use the Products and suffered ascertainable losses because of such uses.

80. If Petitioner had known that Defendants' Products that he had used contained or had a material risk of containing a cancer-causing toxic substance, Petitioner would not have used the Products.

Electronically Filed - CITY OF ST. LOUIS - September 12, 2025 - 10:15 AM

81. Defendants' actions and inactions described above were performed willfully, intentionally, and/or with reckless disregard for the rights and safety of Petitioner and the public.

82. As a direct and proximate result of Defendant's unlawful trade practices, Petitioner did not receive the benefit of the bargain, developed thyroid cancer, and has been injured catastrophically and has been caused severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care and comfort, emotional distress, and economic damages in an amount to be determined at trial in excess of $50,000.

WHEREFORE, Petitioner Jason Crady respectfully requests that this Court enter judgment against Defendants, for compensatory damages in an amount to be determined at trial in excess of $50,000, including attorneys' fees as appropriate under the MMPA, together with interest, costs herein incurred, and all such other and further relief as this Court deems just and proper.

### COUNT 5 - Breach of Contract: Express Warranties
**(Against all Defendants)**

83. Petitioner incorporates by reference the above paragraphs as if fully asserted herein.

84. At all relevant times, Defendants engaged in the business of testing, inspecting, marketing, selling, distributing, and/or promoting their Products, which are defective and unreasonably dangerous to users, consumers, and those in proximity to users, including Petitioner, thereby placing their Products into the stream of commerce. These actions were under the control and supervision of Defendants.

85. Before the time that Petitioner used and/or was exposed to Defendants' Products, Defendants expressly warranted to their consumers and users, including Petitioner, that their Products were of merchantable quality, safe, and fit for the use for which they were intended; specifically, as protective firefighting gear.

Electronically Filed - CITY OF ST. LOUIS - September 12, 2025 - 10:15 AM

86. Defendants, however, failed to disclose that their Products had dangerous propensities including the presence of cancer-causing chemicals.

87. Defendants further failed to disclose that when the Products were used as intended, they carried an increased risk of developing severe injuries, including Petitioner's injuries.

88. The representations, as set forth above, contained or constituted affirmations of fact or promises made by the seller to the buyer which related to the goods and became part of the basis of the bargain creating an express warranty that the goods shall conform to the affirmations of fact or promises.

89. Defendants' protective firefighting gear and Products did not conform to the representations made by Defendants as their Products were not safe for use by individuals such as Petitioner.

90. At all times relevant, Petitioner used and/or was exposed to Defendants' Products in their intended or reasonably foreseeable manner without knowledge of their dangerous characteristics.

91. Petitioner could not have reasonably discovered or known of the risks of serious injury associated with the Products.

92. The breach of the warranty was a substantial factor in bringing about Petitioner's injuries and damages. As a direct and proximate result of Defendants placing defective Products into the stream of commerce and failing to warn Petitioner of the increased risk of thyroid cancer associated with the use of and/or exposure to the Products as described herein, Petitioner has developed thyroid cancer and has been injured catastrophically and has been caused severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care and comfort, emotional distress, and economic damages, including for medical care and treatment.

Electronically Filed - CITY OF ST. LOUIS - September 12, 2025 - 10:15 AM

93. The harm caused by Defendants' Products far outweighed their benefit, rendering the Products more dangerous than an ordinary consumer or user would expect and more dangerous than alternative products.

94. As a direct and proximate result of Defendants' wrongful acts and omissions, Petitioner has suffered severe and permanent physical and emotional injuries now and in the future. Petitioner has also endured pain and suffering, emotional distress, has suffered economic loss, including significant expenses for medical care and treatment, and will continue to incur these expenses in the future.

WHEREFORE, Petitioner Jason Crady prays this Court to enter judgment in his favor and against Defendants, jointly and severally, to award compensatory damages in an amount to be determined at trial and more than $50,000, and to grant such other and further relief as this Court deems appropriate.

## COUNT 6 - Breach of Contract: Implied Warranties
### (Against all Defendants)

95. Petitioner incorporates by reference the above paragraphs as if fully asserted herein.

96. At all relevant times, Defendants engaged in the business of testing, inspecting, selling, distributing, and/or promoting their Products, which are defective and unreasonably dangerous to users, consumers, and those in proximity to users, including Petitioner, thereby placing their Products into the stream of commerce. These actions were under the control and supervision of Defendants.

97. Before the time Petitioner used and/or was exposed to Defendants' Products, Defendants impliedly warranted to their consumers and users, including Petitioner, that their Products were of merchantable quality, safe, and fit for the use for which they were intended; specifically, as protective firefighting gear.

Electronically Filed - CITY OF ST. LOUIS - September 12, 2025 - 10:15 AM

98. Defendants, however, failed to disclose that their Products have dangerous propensities when used as intended and that the use of and/or exposure to their Products carries an increased risk of developing severe injuries, including Petitioner's injuries.

99. Petitioner reasonably relied upon the skill, superior knowledge, and judgment of Defendants and upon their implied warranties that their Products were of merchantable quality, safe, and fit for their intended purpose or use.

100. The Products were expected to reach and did in fact reach consumers, users, and those in proximity to users, including Petitioner, without substantial change in the condition in which they were manufactured, distributed, marketed, packaged, and/or sold by Defendants.

101. At all relevant times, Defendants were aware that consumers, users, and those in proximity of users of their Products, including Petitioner, would use their Products as marketed by Defendants, thus Petitioner was a foreseeable user of the Products.

102. Defendants intended for their Products to be used in the manner in which Petitioner in fact used and/or was exposed to them and impliedly warranted each product to be of merchantable quality, safe, and fit for this use, despite the fact that the Products were not adequately tested or researched and are in fact carcinogenic.

103. In reliance upon Defendants' implied warranty, Petitioner used, or was in proximity to the use of, the Products as instructed and labeled and in the foreseeable manner intended, recommended, promoted, and/or marketed by Defendants.

104. Petitioner could not have reasonably discovered or known of the risks of serious injury associated with the Products.

105. Defendants breached the implied warranty to Petitioner because the Products were not of merchantable quality, safe, or fit for their intended use, or adequately tested. The

Electronically Filed - CITY OF ST. LOUIS - September 12, 2025 - 10:15 AM

Products have dangerous propensities when used as intended and can cause serious injuries, including those injuries complained of herein.

106.     The harm caused by Defendants' Products far outweighed their benefit, rendering the Products more dangerous than an ordinary consumer or user, including Petitioner, would expect and more dangerous than alternative products.

107.     As a direct and proximate result of Defendants' wrongful acts and omissions, Petitioner used the Products and has suffered severe and permanent physical and emotional injuries now and in the future. Petitioner has also endured pain and suffering, emotional distress, and he has suffered economic loss, including significant expenses for medical care and treatment, and will continue to incur these expenses in the future.

WHEREFORE, Petitioner Jason Crady prays this Court to enter judgment in his favor and against Defendants, jointly and severally, to award compensatory damages in an amount to be determined at trial and more than$50,000, and to grant such other and further relief as this Court deems appropriate.

### COUNT 7 – LOSS OF CONSORTIUM
**(Against all Defendants)**

108.     Petitioner Nicole Crady incorporates by reference the above paragraphs as if fully asserted herein.

109.     As a result of the injuries sustained by Petitioner Jason Crady as described above, Petitioner Nicole Crady has suffered a loss of services, society, consortium, and companionship arising out of their marital relationship.

WHEREFORE, Petitioner Nicole Crady prays this court to enter judgment in her favor and against these Defendants, jointly and severally, to award compensatory damages in an amount

Electronically Filed - CITY OF ST. LOUIS - September 12, 2025 - 10:15 AM

to be determined at trial and more than $50,000, and to grant such other and further relief as this Court deems appropriate.

Respectfully Submitted,

**SIMMONS HANLY CONROY**

/s/ Michael J. Angelides, MO#43650
/s/ G. Michael Stewart, MO#64351
/s/ Daniel P. Blouin, (Missouri *pro hac vice* application pending)
231 South Bemiston, Suite 525
St. Louis, MO  63105
618.259.2222
618.259.2251 (Fax)
mangelides@simmonsfirm.com
mstewart@simmonsfirm.com
dblouin@simmonsfirm.com

**BLITZ, BARDGETT, & DEUTSCH, L.C.**

/s/ Robert D. Blitz
Robert D. Blitz, MO#24387
Blitz, Bardgett, & Deutsch, L.C.
120 South Central Avenue, Suite 1500
St. Louis, MO  63105
314.863-1500
314.863-1871 (Fax)
rblitz@bbdlc.com

**ATTORNEYS FOR PETITIONERS**