**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JASON CRADY, and his wife NICOLE CRADY,<br><br>          Petitioners,<br><br>     v.<br><br>3M COMPANY (AKA MINNESOTA MINING AND MANUFACTURING COMPANY), et al,<br><br>          Respondents. | Case No.  4:25-cv-01394<br><br>Hon. John A. Ross<br><br>Electronically Filed |

**PLAINTIFFS' OPPOSITION TO DEFENDANT 3M COMPANY'S MOTION TO STAY
ALL PROCEEDINGS AND CROSS-MOTION TO REMAND**

Plaintiffs Jason Crady and Nicole Crady ("Plaintiffs") hereby oppose Defendant 3M

Company's ("3M") Motion to Stay all Proceedings Pending the Judicial Panel on Multidistrict

Litigation's Final Decision Whether to Transfer this Case to the *In Re AFFF MDL* and cross-move

this Court, pursuant to 28 U.S.C. § 1447 and other applicable rules and law, to remand this action

to the Twenty-Second Judicial Circuit Court of the City of St. Louis, State of Missouri from which

it was improperly removed.

**INTRODUCTION**

Plaintiff Jason Crady is a victim of metastatic medullary thyroid carcinoma, a very rare and

aggressive form of thyroid cancer. As Plaintiffs' evidence will demonstrate at trial, Mr. Crady's

cancer was caused by repeated exposures to carcinogenic bunker gear and products that he used

during his career as an emergency medical technician, paramedic, and firefighter. Plaintiffs

commenced the instant action in Missouri State Court against Defendant 3M, among others,

asserting purely state law claims in order to recover damages for his injuries. On the eve of Mr.

Crady's deposition, at which Mr. Crady would have testified to the specific products which

contributed to the development of his disease, 3M removed the instant action to this Court and contemporaneously filed a Notice of Potential Tag-Along in the AFFF Products Liability Litigation Multi-District Litigation in the District of South Carolina. In doing so, 3M made clear that its theory for removal was based on its mistaken belief that Mr. Crady will claim exposure to 3M AFFF, a product that was not mentioned in Plaintiffs' pleadings, nor one which Mr. Crady is familiar with. The MDL Court promptly recognized that which should have been apparent to 3M – that Plaintiffs' case does not belong in the MDL – and rejected 3M's Notice of Potential Tag-Along.

In what can only be described as an attempt to delay Mr. Crady's deposition further, 3M immediately filed a motion to stay all proceedings in this Court and a motion to transfer Plaintiffs' action in the MDL. As set forth below, 3M's arguments should be promptly rejected by this Court, and Plaintiffs' case should be immediately remanded to Missouri State Court where it belongs. Indeed, 3M's basis for removal is that Plaintiffs' case should be sent to the AFFF MDL, a contention with which the AFFF MDL Court itself does not agree. 3M cannot otherwise establish its entitlement to federal officer removal, nor can it demonstrate that it is entitled to the extraordinary remedy of a stay. For these reasons and the reasons set forth below, Plaintiffs respectfully submit that the Court should deny 3M's motion for a stay of all proceedings, and instead, grant Plaintiffs' cross-motion to remand this action to Missouri State Court.

**RELEVANT FACTS AND PROCEDURAL HISTORY**

1.      Plaintiff Jason Crady is a resident of Lake St. Louis, Missouri[1] who has worked as an emergency medical technician ("EMT"), paramedic, and firefighter in the St. Louis area since

---

[1] The Cover Sheet to Defendant 3M's Notice of Removal incorrectly states that Mr. Crady is a resident of Madison County, Illinois. As stated above, he is not. Additionally, at least two Defendants in the Missouri State Court action - Leo M. Ellebracht Company and Sentinel Emergency Solutions – are Missouri residents. Thus, to the extent 3M may claim in reply that removal is appropriate based on diversity jurisdiction, it is incorrect.

2005. *See* Second Amended Petition, **Exhibit 1**, at ¶ 12. In March 2024, Mr. Crady was diagnosed with metastatic medullary thyroid carcinoma, a very rare and aggressive form of thyroid cancer. As of the filing of this motion, Mr. Crady has undergone surgery to remove his thyroid and associated lymph nodes and received over thirty radiation treatments in an attempt to cure his cancer.[2] Despite this treatment, Mr. Crady's physicians have informed him his cancer has aggressively returned. Although Mr. Crady continues to receive treatment and hopes to live long enough to see his day in Court, he has been informed his prognosis is poor.

2.      Following Mr. Crady's diagnosis, Plaintiffs conducted a thorough investigation and determined that Mr. Crady was exposed to carcinogenic chemicals in the firefighting protective gear and products Mr. Crady used in his role as an EMT, paramedic, and firefighter, all of which contributed to the development of his cancer. *See* **Exhibit 1**, at ¶¶ 9, 11-12. Critically, Plaintiffs' investigation did not reveal that Mr. Crady knows what type of foam he was exposed to, nor the name brand of any foam. Aqueous film-forming foams ("AFFF"), is a product 3M sold to the United States Military.[3] While Mr. Crady is eager to testify at his deposition regarding the various carcinogenic products that he was exposed to during his work in St. Louis, he does not know the type or name brands of any foam products, let alone whether any foam products contained PFAS or AFFF.

3.      As a result of his diagnosis and injuries, Plaintiffs commenced the instant action on August 29, 2025 in the Twenty-Second Judicial Circuit Court of the City of St. Louis, State of Missouri ("Missouri State Court" or the "Missouri State Court Action"), raising purely state law causes of action and alleging that 3M, among others, caused Mr. Crady's cancer through their sale

---

[2] Mr. Crady's radiation treatments required his face and upper body to be bolted down to the table. *See* **Exhibit 2**.
[3] Although 3M's motion papers belabor its role in supplying AFFF to the military, its has not presented any evidence – nor does it attempt to argue – that it supplied AFFF to Mr. Crady's non-military places of employment.

3

and distribution of carcinogenic products, gear, and equipment for use in EMT and firefighting work. *See* **Exhibit 1**, at ¶¶ 9-14; *see also* Initial Petition, **Exhibit 3**; First Amended Petition, **Exhibit 4**. Given there is presently no evidence Mr. Crady was ever exposed to 3M manufactured AFFF at any point in his life, let alone during his professional career, Plaintiffs did not assert any claims against 3M or others for exposure to AFFF. Additionally, because there is no dispute that Mr. Crady never served in any branch of the military, the only plausible location where he could have been exposed to AFFF supplied by 3M, Plaintiffs' petition declined to allege that he was exposed to carcinogenic materials in that capacity. *See generally* **Exhibit 1**.

4.      3M makes much of the fact that, prior to commencing the Missouri State Court Action, Mr. Crady was named as one of dozens of plaintiffs against dozens of defendants, including 3M, in a prior action in the AFFF Products Liability Litigation Multi-District Litigation (the "MDL") in the District of South Carolina which alleged exposure to firefighting foams, including AFFF. *See* **Exhibit 5**. While 3M attempts to create the false impression that Mr. Crady voluntarily dismissed that case in an attempt to avoid the MDL, nothing could be further from the truth. In reality, Mr. Crady voluntarily dismissed the prior MDL action after discovering that his name was erroneously listed, due to law office failure, as one of the many plaintiffs in the boilerplate MDL complaint. Simply stated, Plaintiffs did not voluntarily dismiss Mr. Crady's case to avoid the MDL in order to clandestinely assert claims of AFFF exposure in the Missouri State Court Action; rather, as stated, Plaintiffs simply have no information to support such a claim, precisely why Plaintiffs commenced the instant action in the Missouri State Court addressing the unique features[4] of Mr. Crady's exposure history.

---

[4] This conclusion is readily evidenced by the fact that Mr. Crady's Missouri State Court Action not only contains different allegations, but different Defendants than those at issue in the prior MDL case.

5. As stated, Mr. Crady's cancer and ongoing treatment raises legitimate questions as to whether he will live long enough to see the conclusion of the Missouri State Court Action. As such, Plaintiffs noticed Mr. Crady's deposition in Missouri State Court for September 19, 2025 in order to preserve his trial testimony. *See* Notice of Deposition, **Exhibit 6**. 3M was served with the Notice of Deposition on September 8, 2025. *See* **Exhibit 7**. Although the grounds (wrongly) believed by 3M to constitute a basis for removal should have been apparent to 3M from the moment Plaintiffs' case was filed in Missouri State Court, 3M waited until September 17, 2025 – two days before Mr. Crady's deposition – to remove the instant action to the Eastern District of Missouri. *See* Notice of Removal, **Exhibit 8**. Stated otherwise, instead of simply waiting for Mr. Crady to testify, under oath, that he lacked any knowledge of exposure to 3M AFFF and would not be seeking recovery for the same, 3M strategically filed the Notice of Removal in the hopes of having Mr. Crady's case transferred to the MDL in the District of South Carolina so that his deposition can be delayed. *See* Notice of Potential Tag-Along Action in the MDL, **Exhibit 9**.

6. Without question, 3M's primary, if not exclusive, theory of removal is Plaintiffs' case belongs in the AFFF MDL, even though it was 3M, and 3M alone, who has injected allegations of AFFF exposure into Mr. Crady's action. *See generally* **Exhibit 8**. While 3M's Notice of Removal dedicates significant ink to discussing the relevant MDL-specific rulings underlying its theory that Plaintiffs' case belongs in the AFFF MDL, the MDL Court itself expressly disagrees with 3M. Indeed, on September 26, 2025, the MDL Court, after reviewing Plaintiffs' pleadings and 3M's Notice of Removal, rejected 3M's Notice of Potential Tag-Along and "determined the [Plaintiffs' action] is not appropriate for inclusion in this MDL." *See* 9/26/25 Entry, **Exhibit 10**.

7. Undeterred, 3M immediately moved to transfer Plaintiffs' action for inclusion in the MDL and subsequently moved in this Court to stay all proceedings pending the MDL's

5

determination as to whether Plaintiffs' case will be included. *See* Motion for a Stay, **Exhibit 10**.

As set forth below, this Court should deny 3M's motion to stay proceedings and instead, immediately remand the instant action to the Missouri State Court.

## LAW AND ARGUMENT

**A.    3M's Motion to Stay all proceedings in the mere hope that the MDL changes its mind should be denied so that the Cross-Motion for Remand can be decided.**

8.    Despite the fact that the AFFF MDL has already determined Plaintiffs' present action does not belong in the AFFF MDL, 3M seeks a complete stay based merely on the hope the MDL *might* change its mind and transfer Plaintiffs' action into the MDL. 3M's motion should be denied because it is procedurally and substantively flawed. First, case law from this Court makes clear the proper course of action is to deny 3M's Motion for a Stay so that the ultimate and more pressing question – whether Plaintiffs' action should ultimately be remanded to Missouri State Court – can be addressed. Second, 3M has plainly failed to establish it is entitled to the remarkable remedy of a stay so it can relitigate an issue it has already lost once. Indeed, pausing this case so 3M can take a second bite at the proverbial apple by raising arguments and rulings which have already been considered by the MDL Court will only serve to prejudice Mr. Crady, a dying plaintiff.

9.    As this Court has repeatedly held, "[a] putative transferer court need not automatically postpone rulings on pending motions, or in any way generally suspend proceedings, merely on grounds that an MDL transfer motion has been filed." *Green v. Arizona Cardinals Football Club LLC*, 21 F.Supp.3d 1020, 1026, No. 4:14CV461 CDP (E.D. Mo. 2014). "This is especially true where, as here, the pending motion is one for remand and goes to the Court's subject-matter jurisdiction." *Id.* "In this case, the court believes the best course is to decide the motion to remand because judicial economy will be best served by addressing the remand issue as

6

it will facilitate litigation in the appropriate forum." *T.F. ex rel. Foster v. Pfizer, Inc.*, 2012 WL 3000229 *1, No. 4:12CV1221 CDP (E.D. Mo. 2012). "As another district court in this circuit has commented, 'this Court is in the best position to determine its subject matter jurisdiction…To stay the case pending a decision by the MDL Panel would waste judicial and other resources and would not promote the efficient administration of justice." *Id.*, quoting *Stone v. Baxter Intern., Inc.*, 2009 WL 236116, *2 (D. Neb. Jan. 30, 2009). In point of fact, "[t]he Judicial Panel on Multidistrict Litigation (JPML) has encouraged the Court to rule on any pending motions, including motions to remand, 'as early resolution might be in the interest of the involved courts and parties.'" *Matthews v. Fresenius Medical Care North America, Inc.*, 2014 WL 3579941, *1, No. No. 4:14–CV–979–JAR (E.D. Mo. 2014).

10.     Plaintiffs submit *Green* and the related case law cited *supra* makes clear 3M's mere filing and pendency of a motion challenging the MDL Court's decision to exclude Plaintiffs' case from the MDL does not automatically entitle it to a stay. To the contrary, case law from this Court and others in the Eighth Circuit underscores that 3M's motion for a stay should be denied, not only because it would constitute an inefficient waste of judicial resources, but because it puts the procedural cart before the horse by overlooking the more pressing question: whether Plaintiffs' case belongs in Federal Court at all. To that end, the case law above indicates that the Court should address that question first by denying the motion for a stay so that Plaintiffs' motion for remand can be addressed. For that reason alone, 3M's motion for a stay should be denied.

11.     Additionally, 3M's motion for a stay should be denied because it fails on the merits. While it is true that "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket," (*Landis v. North American Co.*, 299 U.S. 248, 254 (1936)), "[t]he proponent of a stay bears the burden of establishing its need."

7

*Ghormley v. Johnson & Johnson*, 2017 WL 11885994, No. 4:17-CV-00585 (E.D. Mo. 2017). "A district court has broad discretion to stay proceedings when appropriate to control its docket." *Sierra Club v. U.S. Army Corps of Engineers*, 446 F.3d 808, 816, No. 04-3910 (8th Cir. 2006). "Relevant factors include the conservation of judicial resources and the parties' resources, maintaining control of the court's docket, providing for the just determination of cases, and hardship or inequity to the party opposing the stay." *George v. Blue Diamond Growers*, 2017 WL 11888201, No. 4:15-CV-962 (CEJ) (E.D. Mo. 2017).

12.    Here, 3M has failed to demonstrate the balance of the relevant factors warrants the remedy of a stay. As stated, the MDL Court has already reviewed the relevant pleadings and 3M's lengthy Notice of Removal and determined Plaintiffs' action does not belong in the AFFF MDL. Although 3M's Motion for a Stay repeatedly references the MDL's prior rulings and case law discussing which cases are appropriate for inclusion in the MDL, 3M's citations to the same hinder, rather than support, its argument. As 3M must concede, the MDL Court is intimately familiar with the decisional authority and case management orders cited in its brief. The MDL Court necessarily considered these cases and orders when it reviewed the specific circumstances of Plaintiffs' case and promptly rejected 3M's attempt to include it into the MDL. Staying the instant case and delaying resolution of Plaintiffs' motion to remand so 3M can attempt to relitigate an issue it has already lost once, using the same rulings and cases it has already cited once, before the same tribunal that has already ruled against it once, would only serve to waste the parties' time and needlessly keep another case open on this Court's already busy docket.

13.    More importantly, 3M cannot dispute the immense hardship and inequity that Plaintiffs will suffer if this matter is stayed. As stated, Mr. Crady has been diagnosed with a very rare and aggressive form of cancer which appears to be spreading to other parts of his body.

8

Although Mr. Crady is hopeful that he will live long enough to meaningfully participate in this action, his disease and treatment may unfortunately prevent him from doing so. Delaying this action further not only poses the risk that he may die before the action is concluded, but more fundamentally, it will indefinitely postpone his previously scheduled deposition which would answer the seminal question presented by 3M's motion papers: whether he was ever exposed to the AFFF product that 3M speculatively claims he encountered. Plaintiffs have already provided 3M with Responses to Interrogatories, Responses to Requests to Produce Documents, and pathology materials confirming Mr. Crady's diagnosis. All that remains is for Mr. Crady to be deposed, which would have occurred but for 3M's improper removal.

14.     In contrast to Mr. Crady, 3M would suffer no hardship if a stay is not granted. Although 3M bemoans that it would be forced to fight a "multi-front war" (*See* Def. Mtn. at 8), 3M's concerns are greatly exaggerated. As 3M is well aware, no discovery or briefing will take place in the MDL while its motion to transfer remains pending and undecided, and therefore, it will not be forced to litigate on "two fronts." Additionally, 3M has failed to articulate how any discovery taken in this action – such as Mr. Crady's deposition – cannot be used in the MDL should the Panel choose to accept it. 3M likely glossed over this point because it is well aware that declining to stay the instant action and allowing Mr. Crady's deposition to proceed will provide critical sworn testimony as to whether Mr. Crady's case belongs in the AFFF MDL (it does not). Allowing this case to proceed, instead of waiting for resolution of a last-resort motion to transfer to the MDL, constitutes the most efficient use of the parties' and this Court's time and resources. As such, 3M's Motion for a Stay should be denied.

**B.      The instant action should be remanded to Missouri State Court because 3M's basis for removal has been rejected by the MDL Court, and its invocation of the federal officer defense is based on nothing but speculation and conjecture.**

15.     "Generally, a party may remove an action if it could have been filed originally in federal court." *Miller v. Cottrell, Inc.*, 2006 WL 1313367, *2, No. 06-0141-CV-W-NKL (W.D. Mo. 2006), citing 28 U.S.C. § 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[I]n reviewing a motion to remand, a district court is required to resolve all doubts about federal jurisdiction in favor of remand." *Miller*, 2006 WL 1313367 at *2.

16.     In this case, 3M removed the Missouri State Court action to this Court based upon 28 U.S.C. § 1442, the federal officer removal statute. In pertinent part, the federal officer removal statute provides that a civil action may be removed to federal court where the action is against or directed to "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office[.]" 28 U.S.C. § 1442(a)(1). "When the removing party is not itself a federal officer or agency, as in this case, § 1442(a)(1) 'permits removal only if [3M], in carrying out *the acts that are the subject of petitioner's complaint*, was acting under any agency or officer of the United States.'" *Graves v. 3M Company*, 17 F.4th 764, 768-769 (8th Cir. 2021) (citations omitted) (emphasis added). Thus, to fall within the purview of 28 U.S.C. § 1441(a)(1), 3M must show that that (1) it acted under the direction of a federal officer, (2) there is a causal connection between its actions and the official authority, (3) it has a colorable federal defense to the plaintiffs' claims, and (4) it is a "person," within the meaning of the statute. *Buljic v. Tyson Foods, Inc.*, 22 F.4th 730, 738 (8th Cir. 2021). The removing party bears the burden of proving the grounds supporting federal officer removal. *See, e.g. Bailey v. Monsanto Company*, 176 F.Supp.3d 853, 869, Case No. 4:15CV00844 AGF (E.D. Mo. 2016). A defendant attempting to do so must "provide candid, specific, and positive facts in his notice of removal showing that a

10

plaintiff's claims are based on its conduct as a federal officer." *Kelly v. Monsanto Company, Solutia Inc.*, 2016 WL 3543050, *3, No. 4:15 CV 1825 JMB (E.D. Mo. 2016).

17.     Here, 3M has failed to meet its burden of demonstrating that removal is proper based upon the federal officer removal statute. Only a cursory review of 3M's Notice of Removal reveals its removal of the Missouri State Court action was premised upon a single theory: Plaintiffs' case involves 3M AFFF exposure, and therefore, it belongs in the AFFF MDL in the District of South Carolina. *See, e.g.* Def. Mtn. at 2-3, 9, 11-13. However, as stated above, the MDL Court has already determined that 3M is wrong, effectively eliminating 3M's basis for removal entirely. Indeed, 3M dedicates the majority of its brief arguing why prior rulings and case management orders indicate that Plaintiffs' case belongs in the AFFF MDL, when the MDL Court, who is in the best position possible to determine which cases are appropriate for inclusion, expressly disagrees. Given this prior determination, Plaintiffs' remand motion should, at best, be granted and, at worst, 3M's reliance on out-of-circuit, inapplicable MDL rulings and case management orders should be disregarded.

18.     3M's failure to establish Plaintiffs' case should be included in the AFFF MDL is fatal because it cannot otherwise establish it is entitled to invoke the federal officer defense in this Court. As stated, a removing defendant must establish a "causal connection" using specific facts between its actions and the official authority bestowed upon it by the government. In other words, "[a] defendant must show a nexus, a 'causal connection' between the charged conduct and asserted official authority.'" *Burford v. Monsanto Co.*, 2017 WL 1315800, *5, No. 4:16CV536 (E.D. Mo. 2017) (citations omitted). "As applied to non-governmental corporate defendants [such as 3M], 'such entities must demonstrate *that the acts for which they are being sued…occurred because of what they were asked to do by the Government.*" *Burford*, 2017 WL 1315800 at *5, quoting

11

*Isaacson v. Dow Chemical Co.*, 517 F.3d 129 (2d Cir. 2008). Additionally, in order for a defense to be considered "colorable" under the test, "it need only be plausible," (*See U.S. v. Todd*, 245 F.3d 691, 693, No. 00-1431 (8th Cir. 2001), but it cannot be "immaterial and made solely for the purpose of obtaining jurisdiction or wholly insubstantial and frivolous." *Fernandez v. Tyson Foods, Inc.*, 509 F.Supp.3d 1064, 1081 (N.D. Iowa 2020). 3M cannot meet this test.

19.     Throughout its motion papers, 3M repeatedly references the fact it manufactured and sold AFFF to the United States Military in accordance with the military's specifications. *See, e.g.* Def. Mtn. at 2. In doing so, 3M cites to extensive evidence establishing its supply of AFFF to the United States Military and the steps it took to comply with the direction and control of federal officers. *Id.* at 8-15. There is only one problem: Mr. Crady never served in the United States Military, nor is he claiming exposure to AFFF through 3M's sale and supply of AFFF to the United States Military. That 3M supplied AFFF as a government contractor in an entirely distinct context has no connection to a Missouri State Court action which contains no allegations of AFFF exposure and involves Mr. Crady's work as a non-military, civilian firefighter.

20.     Unable to establish Mr. Crady was exposed to AFFF through the military – its only connection to the Federal Government – 3M attempts to shift strategy by claiming Mr. Crady had "plausible exposure to AFFF through his training and service as a firefighter," (*See* Def. Mt. at 12), given that "3M's MilSpec AFFF products have been used by firefighters across the United States, including in and around Missouri." *See* Def. Mtn. at 2. Tellingly, while 3M presented substantial evidence establishing that it supplied AFFF to the United States Military (an issue which is not relevant to this case), it failed to present *any* evidence to support its conclusory and dubious claim it supplied AFFF to firefighters in Missouri, let alone supplied to a fire department where Mr. Crady worked. 3M's claims in this regard bear no connection to Plaintiffs' Missouri

State Court action and are the type of "immaterial," implausible allegations which fail to satisfy the standard for federal officer removal. *See  Burford*, 2017 WL 1315800 at *5. As stated above, 3M can only defend its removal with "candid, specific, and positive facts," which are clearly not present here. *See Kelly*, 2016 WL 3543050 at *3.

21.    3M's also incredibly claims Mr. Crady was "plausibly exposed to MilSpec AFFF through a variety of other means, including his regular consumption of water in many locales over his lifetime." *See* Def. Mtn. at 12. Respectfully, 3M's argument is not plausible; to the contrary, it is improbable, far-fetched, and entirely disconnected from Plaintiffs' Missouri State Court Action, which contains no allegations of exposure to AFFF through water consumption. If removal is permitted based upon broad and sweeping claims that Mr. Crady may have been exposed to AFFF through water consumption or other environmental means, despite the fact that no such allegations are present in Plaintiffs' complaint, then virtually *every* case in which 3M is sued as a defendant would be removable to federal court. Such a result would not serve the "basic purpose" of the federal officer defense embodied in 28 U.S.C. § 1442, which "is to protect the Federal government from the interference with its operations" and to ensure that federal officials have an appropriate forum to assert federal immunity defenses. *Watson v. Phillip Morris Cos., Inc*., 551 U.S. 142, 150 (2007).

22.    At bottom, 3M has attempted to unilaterally inject the issue of AFFF exposure into a case where Plaintiffs' pleadings make no mention of it, and where Mr. Crady himself will not testify to any name brand AFFF product made, manufactured, or sold by 3M or any Defendant. The very type of feigned federal officer defense by 3M has previously been considered and rejected in other contexts. In *People ex rel. Raoul v. 3M Company*, 111 F4th 846, No. 23-3031 (2024), the Seventh Circuit affirmed remand of a state court action, finding that 3M failed to present a

13

colorable federal contractor defense. In *Raoul*, the State of Illinois sued 3M in Illinois state court alleging that 3M contaminated the Mississippi River by producing non-AFFF PFAS chemicals at a facility which bordered the river. *Id.* at 847. 3M removed the action to federal district court, arguing that some of the PFAS contamination in the Mississippi River may have come from AFFF that 3M provided to the United States Military that was used at a separate military facility on the river. *Id.* at 848. However, the State of Illinois confirmed it was not seeking relief against 3M for mixed PFAS contamination, i.e., for contamination resulting from the production and supply of AFFF. *Id.* at 849. Further, the State of Illinois confirmed a fact-finder would not need to apportion PFAS contamination between sources. *Id.* The Seventh Circuit found under such circumstances 3M could not present a colorable federal defense because "the defense is wholly irrelevant under the States's theory of recovery."; *see also Reinbold v. Advanced Auto Parts, Inc.*, Case No. 18-CV-605-SMY-DGW, 2018 WL 3036026, at *2 (S.D. Ill. 2018) ("[C]ourts have consistently granted motions to remand where the plaintiff expressly disclaimed the claims upon which federal officer removal was based.").

23.     *Raoul* is directly on point in this case. As stated, *ad nauseum*, Plaintiffs are not claiming that Mr. Crady was exposed to 3M AFFF through his consumption of water, nor are Plaintiffs in possession of evidence that he was exposed to PFAS-containing AFFF as a firefighter, EMT, or paramedic. Rather, Plaintiffs named 3M as a Defendant in this action for other products which are not at issue in this present motion. Given such facts, *Raoul* indicates that 3M cannot raise spurious claims of AFFF exposure under the guise of the federal contractor defense, particularly because such claims are ultimately irrelevant to the claims which Plaintiffs are asserting.

14

24.     Plaintiffs anticipate that in reply, 3M will attempt to argue that, whether explicitly alleged or not, a likely source of Mr. Crady's exposure was AFFF because Mr. Crady was previously named as a Plaintiff in a prior action in the MDL. *See* ¶ 4. Any such argument would be meritless. As stated, Mr. Crady was erroneously named as one of several dozen plaintiffs in a boilerplate complaint filed in the prior MDL action. When it became apparent that Mr. Crady was inadvertently included in an MDL action involving allegations that were not appropriate for Mr. Crady's case, it was voluntarily withdrawn. 3M fails to appreciate that Mr. Crady's voluntary discontinuance of the prior MDL action actually underscores that AFFF exposure will not be at issue in this case. As stated, Mr. Crady's primary goal is to efficiently proceed toward resolution of his case, a goal which would not be accomplished by discontinuing one action merely to re-start again in another tribunal. Mr. Crady did not commence the Missouri State Court Action to avoid the MDL, but instead, to address the unique factual allegations surrounding his use of bunker gear and other carcinogenic products which would be addressed in the proper forum. If anything, Mr. Crady's abandonment of a prior action alleging AFFF exposure should reassure 3M that Mr. Crady will not testify to any specific name brand AFFF foam made, sold, or manufactured by 3M. For these reasons, Plaintiffs' Motion for Remand should be granted.

## CONCLUSION

**WHEREFORE**, Defendant 3M failed to meet its burden showing that the Federal Officer Removal Statute, 28 U.S.C. § 1442(a), applies here, Plaintiffs Janson Crady and Nicole Crady respectfully request that this Court grant their Motion to Remand and that this action be remanded to the Twenty-Second Judicial Circuit Court of the City of St. Louis, State of Missouri, in which proper jurisdiction rests. Plaintiffs further respectfully request that Defendant 3M's motion to stay all proceedings be denied in its entirety.

**SIMMONS HANLY CONROY**

/s/ Michael J. Angelides, MO#43650
/s/ G. Michael Stewart, MO#64351
231 South Bemiston, Suite 525
St. Louis, MO  63105
618.259.2222
618.259.2251 (Fax)
mangelides@simmonsfirm.com
mstewart@simmonsfirm.com
dblouin@simmonsfirm.com

**BLITZ, BARDGETT, & DEUTSCH, L.C.**

/s/ Robert D. Blitz
Robert D. Blitz, MO#24387
Blitz, Bardgett, & Deutsch, L.C.
120 South Central Avenue, Suite 1500
St. Louis, MO  63105
314.863-1500
314.863-1871 (Fax)
rblitz@bbdlc.com

**ATTORNEYS FOR PETITIONERS**

<u>**CERTIFICATE OF SERVICE**</u>

<u>**Sent Via Email and Regular Mail:**</u>

Mark Dunn
Osburn & Hine
3071 Lexington Avenue
Cape Girardeau, MO 63701
mdunn@ohylaw.com

Daniel Ring
Jenner & Block
353 North Clark Street
Chicago, IL 60654
dring@jenner.com

**Counsel for Defendant 3M Company (a/k/a Minnesota Mining and Manufacturing Company**

Peter Condron
Clifford Zatz

16

Crowell & Morning
1001 Pennsylvania Avenue NW
Washington, D.C. 20004
pcondron@crowell.com
czataz@crowell.com

**Counsel for Defendant AGC Chemicals Americas, Inc.**

Richard Cromwell
McGuire Woods
101 West Main Street
Suite 9000
Norfolk, VA 23510
rcromwell@mcguirewoods.com

Melanie Black Dubis
Charles Raynal
Parker Poe Adams & Berstein
301 Fayetteville Street
Suite 400
Raleigh, NC 27601
melaniedubis@parkerpoe.com
charlesraynal@parkerpoe.com

**Counsel for Defendant Archroma U.S., Inc.**

David Erickson
Brent Dwerlkotte
Shook, Hardy & Bacon
2555 Grand Boulevard
Kansas City, MO 64108
derickson@shb.com
dbdwerlkotte@shb.com

**Counsel for Defendant Du Pont de Nemours, Inc. (f/k/a DowDuPont Inc.)**

James Stengel
Paige Pavone
Orrick, Herrington & Sutcliffe
51 West 52nd Street
New York, NY 10019
jstengel@orrick.com
ppavone@orrick.com

**Counsel for Defendant Globe Manufacturing Company, LLC**

Andrew Bosse
Allison Melton
Baughman Kroup Bosse
500 East Main Street
Suite 1400
Norfolk, VA 23510
abosse@bkbfirm.com
amelton@bkbfirm.com

**Counsel for Defendants Honeywell International, Inc. and Honeywell Safety Products USA, Inc.**

Andrew Ryan
Sandberg Phoenix & von Gontard
600 Washington Avenue
15th Floor
St. Louis, Mo 63101
aryan@sandbergphoenix.com

**Counsel for Leo M. Ellebracht Company**

James Bogan
C. Allen Garrett
Bennett Richardson
Kilpatrick Townsend & Stockton
1100 Peachtree St NE
Suite 2800
Atlanta, GA 30309
jbogan@ktslaw.com
agarrett@ktslaw.com
btrichardson@ktslaw.com

**Counsel for Defendant Southern Mills, Inc. d/b/a Tencate Protective Fabrics USA**

Mark Cheffo
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036
mark.cheffo@dechert.com

**Counsel for Defendant W.L. Gore & Associates, Inc.**

**Sent Regular Mail:**

**Allstar Fire Equipment**
Joseph A. Sposato

12328 Lower Azusa Road
Arcadia, CA 91006

**CB Garment, Inc. (d/b/a Crewboss)**
Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

**Conway Shield, Inc.**
Paul J. Conway
N2051 Poplar Grove Road
Watertown, WI 53098

**Ed M. Feld Equipment Co., Inc.**
John Feld
113 North Griffith Road
Carroll, IA 51401

**Fire-Dex, Inc.**
William M. Burke
780 South Progress Drive
Medina, OH 44256

**Fire-Dex, LLC**
CT Corporation System
208 South LaSalle Street
Suite 814
Chicago, IL 60604

**Globe Holding Company, LLC**
CT Corporation System
2 ½ Beacon Street
Concord, NH 03301

**Innotex Corp.**
Corporation Service Company
80 State Street
Albany, NY 12207

**Lakeland Industries, Inc.**
The Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801

**Lion Apparel, Inc.**
QI Services, Inc.

Strauss & Troy
150 East Fourth Street
Cincinnati, OH 45202

**Majestic Fire Apparel, Inc.**
255 Wagner Street
Lehighton, PA 18235

**Morning Pride Manufacturing L.L.C.**
Corporation Service Company
1160 Dublin Road
Suite 400
Columbus, OH 43215

**Phenix Fire Protectors LLC**
Rodney Lockwood
109 Zulu Drive
Huger, SC  29450

**Sentinel Emergency Solutions, LLC**
Charles A. Hurth, III
301 E. Main Street
Union, MO 63084

**Techtrade LLC**
Harvey Ted Bart
14478 Haroche Avenue
Orlando, FL 32827

**Veridian Limited d/b/a Veridian Fire Protective Gear**
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

**Witmer Public Safey Group, Inc. (d/b/a The Fire Store)**
Corporation Service Company
80 State Street
Albany, NY 12207

20