**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JASON CRADY, and his wife NICOLE CRADY,<br><br>          Petitioners,<br><br>     v.<br><br>3M COMPANY (AKA MINNESOTA MINING AND MANUFACTURING COMPANY), et al,<br><br>          Respondents. | Case No.  4:25-cv-01394<br><br>Hon. John A. Ross<br><br>Electronically Filed |

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR
CROSS-MOTION TO REMAND**

Plaintiffs Jason Crady and Nicole Crady ("Plaintiffs") hereby submit the instant reply memorandum in further support of their cross-motion, pursuant to 28 U.S.C. § 1447 and other applicable rules and law, to remand this action to the Twenty-Second Judicial Circuit Court of the City of St. Louis, State of Missouri from which it was improperly removed.

**LAW AND ARGUMENT**

Plaintiffs cross-moved to remand the instant action to the Twenty-Second Judicial Circuit Court of the City of St. Louis, State of Missouri ("Missouri State Court" or the "Missouri State Court Action") after Defendant 3M Company ("3M") removed it to this Court. Plaintiffs' moving papers demonstrated that 3M improperly removed the Missouri State Court Action based upon its unsupported position that it can invoke the federal officer defense in this case, a conclusion which Plaintiffs submit remains unchanged by 3M's opposition. As indicated in Plaintiffs' moving papers, 3M's removal was premised on its belief that Plaintiffs' case involves AFFF exposure, and therefore, belongs in the AFFF MDL in the District of South Carolina, a contention with which the JPML disagrees, given its determination that "[t]he [Plaintiffs' action] is not appropriate for

inclusion in the MDL." *See* Plaintiffs' **Exhibit 10**. In this regard, the JPML's determination is eminently reasonable, given that Plaintiffs' Missouri State Court action does not – nor could it[1] - involve allegations of AFFF exposure.

In its opposition, 3M attempts to distance itself from the JPML's determination by arguing that "[w]hether the JPML will transfer this case to the MDL has no bearing on the existence of federal jurisdiction," an argument which is belied by 3M's own papers.[2] However, 3M argues on one hand that the JPML's determination that Plaintiffs' case is not appropriate for the AFFF MDL has no bearing on its removal to Federal Court, while arguing on the other hand that the MDL's prior rulings are somehow relevant to Plaintiffs' cross-motion and the issue of federal jurisdiction.[3] *See*, *e.g.* 3M's Opposition at 3, 8, 10-11. Stated otherwise, 3M continues to assert that it has permissibly raised the federal officer defense as a basis for removal, yet its primary support for that argument stems from rulings from an MDL that the JPML itself determined should not include Plaintiffs' case. 3M's reliance on the inapplicable MDL rulings should be disregarded entirely, and its removal should be assessed purely under the test set forth by the applicable Federal Law – a test which 3M cannot meet.

As this Court is aware, "[a] defendant must show a nexus, a 'causal connection' between the charged conduct and asserted official authority.'" *Burford v. Monsanto Co.*, 2017 WL

---

[1] As Plaintiffs explained throughout their moving papers, Mr. Crady does not know any of the foam products to which he may have been exposed, let alone whether he ever encountered AFFF. Given a plaintiff's obligation to only plead those facts which are supported by the evidence, Plaintiffs could not have credibly asserted AFFF exposure.

[2] As set forth in Plaintiffs' moving papers, 3M separately moved to transfer Plaintiffs' action for inclusion in the MDL in an attempt to set aside the JPML's initial rejection of its Notice of Potential Tag-Along. While 3M's opposition attempts to create the impression that the "JPML has not even made a ruling regarding the transfer of its case," 3M's argument is more accurately characterized as the "JPML has not ruled on its motion to transfer the case," which is akin to an appeal from the JPML rejecting 3M's Notice of Potential Tag-Along. As 3M cannot dispute, the legal standard requires 3M to satisfy a "significant burden" in establishing that transfer is appropriate.

[3] For example, 3M cites a CMO from the MDL Court and argues that "with its extensive experience addressing claims of PFAS contamination of drinking water from AFFF – [the MDL Court] has recognized that 3M's theory can provide the basis for federal jurisdiction," yet it cannot cite to a Federal case in which the same facts as presented in Mr. Crady's petition and raised in 3M's motion papers were properly removed on the basis of federal officer removal.

1315800, *5, No. 4:16CV536 (E.D. Mo. 2017) (citations omitted). "As applied to non-governmental corporate defendants [such as 3M], 'such entities must demonstrate *that the acts for which they are being sued…occurred because of what they were asked to do by the Government*." *Burford*, 2017 WL 1315800 at *5, quoting *Isaacson v. Dow Chemical Co.*, 517 F.3d 129 (2d Cir. 2008). Additionally, in order for a defense to be considered "colorable" under the test, "it need only be plausible," (*See U.S. v. Todd*, 245 F.3d 691, 693, No. 00-1431 (8th Cir. 2001), but it cannot be "immaterial and made solely for the purpose of obtaining jurisdiction or wholly insubstantial and frivolous." *Fernandez v. Tyson Foods, Inc.*, 509 F.Supp.3d 1064, 1081 (N.D. Iowa 2020). 3M has yet to present any applicable, non MDL-case Federal case law, or independent evidence, to articulate how it can meet this test based on the facts of Mr. Crady's case.[4] 3M's opposition papers do not dispute that Mr. Crady never served in the United States Military – the only connection it has to the Federal Government – nor does 3M present any evidence to support its wholly speculative theory that Mr. Crady *may* have been exposed while working as a firefighter for non-Federal entities or, even more incredibly, through environmental exposures, such as through drinking water.

For example, 3M argues that "MilSpec AFFF products have been used by firefighters and impacted drinking water in various locations across the United States in and around Missouri,"

---

[4] 3M's opposition papers suggest that because Plaintiffs' Missouri State Court Action petition intentionally omitted allegations of AFFF exposure – an argument which has been thoroughly addressed by Plaintiffs – it can inject allegations that Mr. Crady was exposed to AFFF in order to allow it to assert the federal officer defense. This is incorrect. As this Court recognized in *Grady v. Monsanto Company*, 2023 WL 4884468, *3, Case No. 4:23CV226 JAR, (E.D. Mo. August 1, 2023), "[f]ederal courts have consistently granted motions to remand where the plaintiff expressly disclaimed the claims upon which federal officer removal was based." Somewhat similarly, the Judicial Panel on Multidistrict Litigation has "[h]eld repeatedly in this litigation, 'a party seeking transfer of an action that does not on its face raise AFFF claims bears a significant burden to persuade us that transfer is appropriate and will not undermine the efficient progress of the AFFF MDL." *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 765 F. Supp. 3d 1379, 1380 (U.S. Jud. Pan. Mult. Lit. 2024), quoting Order Denying Transfer at 2, MDL No. 2873 (J.P.M.L. Dec. 18, 2019), ECF No. 541. Based upon this authority, remand is appropriate, and 3M's attempt to transfer this case will be unsuccessful, because Plaintiff has effectively disclaimed AFFF exposure, which is the only basis for the federal officer defense, and 3M has not proven otherwise.

(*see* 3M's Opposition at 1), yet it still has not presented anything, other than attorney argument, to substantiate its argument that it supplied AFFF to *non-Federal* firefighting departments, let alone the ones where Mr. Crady worked, or that Mr. Crady *may* have consumed contaminated drinking water in unknown locales. 3M's lack of evidence substantially undermines its basis for removal. Indeed, as the Eighth Circuit has held, "[a] defendant is not required to submit evidence establishing federal-court jurisdiction with its notice of removal ***unless the plaintiff or the court questions the defendant's claim of jurisdiction***." *Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 964, No. 16-8009 (Eighth Cir. July 19, 2016). Plaintiffs' moving papers undoubtedly demanded evidentiary proof supporting 3M's basis for removal[5], and as of the filing of these reply papers, 3M has yet to supply such proof.

While the Court can reach the reasonable inference that 3M failed to substantiate its arguments for removal because it has no supporting evidence, Plaintiffs submit that the seminal questions of which carcinogenic products Mr. Crady was exposed to, and whether he was ever exposed to AFFF, as alleged by 3M, can easily be answered. As Plaintiffs argued in their moving papers, and recently discussed at the telephonic conference with this Court on October 21, 2025, Mr. Crady's goal remains to be deposed regarding the merits of his case as soon as possible. Indeed, while 3M argues that it is "plausible" that Mr. Crady was exposed to AFFF, Mr. Crady can definitively answer (and debunk) that question under oath. To that end, Plaintiffs respectfully request that this Court grant Plaintiffs' motion so that Mr. Crady's deposition can proceed in the Missouri State Court Action, or alternatively, that this Court permit Mr. Crady's deposition to proceed as soon as practicable, given Mr. Crady's cancer diagnosis and perilous health condition.

---

[5] Plaintiffs respectfully submit that the Court should require such direct proof of 3M as well, as such evidence would assist the Court in determining whether a basis for federal officer removal exists.

For these reasons and the reasons set forth in Plaintiffs' moving papers, Plaintiffs' cross-motion to remand this action should be granted.

## CONCLUSION

**WHEREFORE**, Defendant 3M failed to meet its burden showing that the Federal Officer Removal Statute, 28 U.S.C. § 1442(a), applies here, Plaintiffs Janson Crady and Nicole Crady respectfully request that this Court grant their Motion to Remand and that this action be remanded to the Twenty-Second Judicial Circuit Court of the City of St. Louis, State of Missouri, in which proper jurisdiction rests.

**SIMMONS HANLY CONROY**

/s/ Michael J. Angelides, MO#43650
/s/ G. Michael Stewart, MO#64351
231 South Bemiston, Suite 525
St. Louis, MO  63105
618.259.2222
618.259.2251 (Fax)
mangelides@simmonsfirm.com
mstewart@simmonsfirm.com
dblouin@simmonsfirm.com

**BLITZ, BARDGETT, & DEUTSCH, L.C.**

/s/ Robert D. Blitz
Robert D. Blitz, MO#24387
Blitz, Bardgett, & Deutsch, L.C.
120 South Central Avenue, Suite 1500
St. Louis, MO  63105
314.863-1500
314.863-1871 (Fax)
rblitz@bbdlc.com

**ATTORNEYS FOR PETITIONERS**

## PROOF OF SERVICE

**A copy of the foregoing was filed electronically with the Clerk of Court and served to all counsel of record via the Court's CM/ECF system.**

Mark Dunn
Osburn & Hine
3071 Lexington Avenue
Cape Girardeau, MO 63701
mdunn@ohylaw.com

Daniel Ring
Jenner & Block
353 North Clark Street
Chicago, IL 60654
dring@jenner.com
**Counsel for Defendant 3M Company (a/k/a Minnesota Mining and Manufacturing Company**

**AGC Chemicals Americas, Inc.**
Via electronic service - agccaservice@crowell.com

Katie Ann O'Neill
Kirland and Ellis LLP
333 West Wolf Point Plaza
Chicago, IL  60654
Katie.oneill@kirkland.com
**Counsel for Defendant Archroma US, Inc.**

Marcie Vantine
Swanson Martin LLP
One Bank of America Plaza
800 Market Street, Suite 2100
St. Louis, MO 63101
**Counsel for Defendant Conway Shield, Inc.**

Brent Dwerlkotte
Zachary Beach
Shook, Hardy & Bacon
2555 Grand Boulevard
Kansas City, MO 64108
dbdwerlkotte@shb.com
zbeach@shb.com
**Counsel for Defendant Du Pont de Nemours, Inc. (f/k/a DowDuPont Inc.)**

Christopher Turney
Turney LG
1111 Main Street, Suite 600
Kansas City, MO 64105
cturney@turneylg.com
**Counsel for Defendant Ed M. Feld Equipment Co, Inc.**

James Stengel
Pagie Pavone
Orrick, Herrington & Sutcliffe
51 West 52nd Street
New York, NY 10019
jstengel@orrick.com
ppavone@orrick.com

Hillary Dang
Orrick Herrington LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
hdang@orrick.com
**Counsel for Defendants Globe Holding Company, LLC and Globe Manufacturing Company, LLC**

John Galvin, III
Thompson Coburn LLP
One US Bank Plaza
505 N. 7th Street, 28th Floor
St. Louis, MO 63101
jgalvin@thompsoncoburn.com
**Counsel for Defendants Honeywell International, Inc., Honeywell Safety Products USA, Inc., and Morning Pride Manufacturing, LLC**

Brian Huelsmann
Maxwell Huber
Tucker Ellis LLP
100 S. 4th Street, Suite 600
St. Louis, MO 63102
brian.huelsmann@tuckerellis.com
max.huber@tuckerellis.com
**Counsel for Defendant Lakeland Industries, Inc.**

Andrew Ryan
Sean Harmon
Sandberg Phoenix & von Gontard
600 Washington Avenue
15th Floor

St. Louis, Mo 63101
aryan@sandbergphoenix.com
sharmon@sandbergphoenix.com
**Counsel for Leo M. Ellebracht Company**

Gregory Henry
Martha Halvordson
Rasmussen Dickey LLC
1001 E. 101st Terrace, Suite 300
Kansas City, MO 64131
ghenry@rddhi.law
mhalvordson@rddhi.law
**Counsel for Defendant Majestic Fire Apparel, Inc.**

Katherine McLaughlin
Jenkins and Kling PC
150 No. Meramec Avenue, Suite 400
St. Louis, MO 63105
kmclaughlin@jenkinskling.com
**Counsel for Defendant Sentinel Emergency Solutions, LLC**

Stefani Wittenauer
Bryan Cave LLP
One Metropolitan Sqaure
211 N. Broadway, Suite 3600
St. Louis, MO 63102
Stefani.wittenauer@bclplaw.com
**Counsel for Defendant TechTrade LLC**

Booker Shaw
Thompson Coburn LLP
One US Bank Plaza
505 N. 7th Street, 28th Floor
St. Louis, MO 63101
bshaw@thompsoncoburn.com

Douglas Fleming, III
Dechert LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Douglas.fleming@dechert.com
**Counsel for Defendant W.L. Gore & Associates, Inc.**

David P. Bub
Tyler Finnegan
Watters Wolf LLC
600 Kellwood Parkway, Suite 120
St. Louis, MO 63017
dbub@wwbhlaw.com
tfinnegan@wwbhlaw.com
**Counsel for Defendant Witmer Public Safety Group, Inc.**

**Sent Via Regular Mail:**

**Allstar Fire Equipment**
Joseph A. Sposato
12328 Lower Azusa Road
Arcadia, CA 91006

**CB Garment, Inc. (d/b/a Crewboss)**
Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

**Fire-Dex, Inc.**
William M. Burke
780 South Progress Drive
Medina, OH 44256

**Fire-Dex, LLC**
CT Corporation System
208 South LaSalle Street
Suite 814
Chicago, IL 60604

**Innotex Corp.**
Corporation Service Company
80 State Street
Albany, NY 12207

**Lion Apparel, Inc.**
QI Services, Inc.
Strauss & Troy
150 East Fourth Street
Cincinnati, OH 45202

**Phenix Fire Protectors LLC**
Rodney Lockwood
109 Zulu Drive
Huger, SC  29450

**Veridian Limited d/b/a Veridian Fire Protective Gear**
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801