UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JASON CRADY and <br> NICOLE CRADY, <br><br> Plaintiffs, <br><br> v. <br><br> 3M COMPANY, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 4:25-cv-01394-JAR <br> ) <br> ) <br> ) <br> ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' motion to stay proceedings (Doc. 10) and Plaintiffs' motion to expedite Jason Crady's deposition (Doc. 81). The Court will grant Defendants' motion in part and stay proceedings in this matter except for Crady's deposition. With respect to the latter, the Court will grant Plaintiffs' motion.

Plaintiffs filed this personal injury case in state court in August 2025 alleging that Crady developed a rare and aggressive form of thyroid cancer as a result of exposure to carcinogenic chemicals in firefighting protective gear and products manufactured and distributed by Defendants. Defendant 3M removed the case to this Court on September 17, 2025, and filed a motion to stay proceedings pending a final decision by the Judicial Panel on Multidistrict Litigation whether to transfer this case to the MDL *In re Aqueous Film-Forming Foams Products Liability Litigation* (MDL No. 2873) in the District of South Carolina. That decision is expected in December. In the interim, multiple other Defendants have entered appearances of counsel, filed disclosure statements, and requested extensions of time to file responsive pleadings.

1

Plaintiffs' first attempt to schedule Crady's deposition for early October was met with a motion to quash and ultimately canceled before the issue was fully briefed. (Doc. 17, 20). After the Court held a telephone conference with counsel on October 21, 2025, Plaintiffs filed the present motion to expedite Crady's deposition in order to preserve his testimony, given the uncertain status of his health. In addition, Plaintiffs submit that Crady's testimony at this time is necessary to clarify essential facts relevant to the question of federal jurisdiction. In response to the motion (Doc. 88-1), Defendants assert that Crady's medical condition is stable, according to medical records attached as exhibits, and his deposition is premature insofar as responsive pleadings are forthcoming and discovery hasn't commenced.

A district court has inherent power to stay its proceedings. *Gavin v. Johnson & Johnson*, No. 4:18CV212 RLW, 2018 WL 1187573, at *1 (E.D. Mo. Mar. 6, 2018). "When considering a motion to stay, a court should consider the interest of judicial economy and the potential prejudice or hardship to the parties." *Id*. "However, a putative transferor court need not automatically postpone rulings on pending motions, or in any way generally suspend proceedings, merely on grounds that an MDL transfer motion has been filed." *Id*.  Here, the Court finds it appropriate and in the interests of judicial economy to stay proceedings, including the filing of responsive pleadings, pending a final decision from the JPML. The Court will grant Defendants' motion in part. Exceptionally, however, the Court also finds good cause to expedite Crady's deposition.

The Federal Rules of Civil Procedure permit courts to order discovery on an expedited basis. *See* Fed.R.Civ.P. 26(d)(1) (stating that "a party may not seek discovery from any source before parties have conferred as required by Rule 26(f), except ... when authorized by ... court order"). Expedited discovery can be granted when the party seeking discovery establishes good

cause, meaning that, in consideration of the administration of justice, the need for expedited discovery outweighs prejudice to a responding party. *Monsanto Co. v. Woods*, 250 F.R.D. 411, 413 (E.D. Mo. 2008); *United Pet Grp., Inc. v. Does*, No. 4:13CV01053 AGF, 2013 WL 4482917, at *1 (E.D. Mo. Aug. 20, 2013). The Court finds this standard satisfied here.

      There is no dispute that Crady has metastatic thyroid cancer – a serious and potentially fatal condition. His medical records indicate that his calcitonin levels remain extremely elevated after surgery and radiation. While other signs appear positive, the Court is not in a position to assess Crady's prognosis, much less his physical and mental stamina for a two-day deposition. The Court rejects the notion that a witness's health must decline to the point of hospice eligibility to establish good cause to preserve his testimony. The Court finds it far more prudent and preferable to avoid any risk that Crady's deposition months from now could be compromised, when known conditions appear reliable now. The Court believes that the uncertainty of Crady's medical prognosis outweighs any arguable prejudice to Defendants, who may seek leave to supplement his testimony later if warranted by subsequent discovery. The Court will direct the parties to confer and select a mutually agreeable date so as to complete Crady's deposition no later than November 25, 2025.

      Finally, Defendants ask that, if the Court allows the deposition to occur, Plaintiffs be ordered to produce in advance written discovery on eleven topics ranging from Crady's employment history to his use of protective gear (with photos) and consumption of water. (Doc. 88-1 at 13-14).  The breadth of Defendants' query is excessive and impractical under the circumstances. Defendants will be able to develop the evidence on these topics in discovery. For now, the Court will direct Plaintiffs to provide any readily available information regarding

3

Crady's residential and employment history, including the fire station locations where he worked. Defendants may further explore these and other topics during Crady's deposition.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant 3M Company's consent motion for additional time to file a responsive pleading is **GRANTED**. (Doc. 86).

**IT IS FURTHER ORDERED** that Defendant 3M Company's motion for continued sealing is **GRANTED**. (Doc. 87).

**IT IS FURTHER ORDERED** that Defendant Sentinel Emergency Solutions' consent motion for additional time to file a responsive pleading is **GRANTED**. (Doc. 90).

**IT IS FURTHER ORDERED** that Defendants' motion to stay proceedings is **GRANTED in part**. (Doc. 10). All deadlines are **VACATED** pending a final decision of the JPML.

**IT IS FINALLY ORDERED** that Plaintiffs' motion to expedite the deposition of Jason Crady is **GRANTED**. (Doc. 81). The parties shall conduct Crady's deposition on a mutually agreeable date by **November 25, 2025**.  To the extent feasible, Plaintiffs shall provide in advance Crady's residential and employment histories, including fire station locations.

Dated this 6th day of November, 2025.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

4