**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JASON CRADY and<br>NICOLE CRADY,<br><br>    Plaintiffs,<br><br>v.<br><br>3M COMPANY, *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:25-cv-01394-JAR |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs Jason Crady and Nicole Crady's motion to remand [ECF No. 13]. Defendants filed a response in opposition to the motion, the parties exchanged further replies, and the issues are fully briefed. For the reasons set forth below, the motion will be granted.

**I.    Background**

Plaintiff Jason Crady ("Crady") is a resident of Lake St. Louis, Missouri who has worked as an emergency medical technician ("EMT"), paramedic, and firefighter in the St. Louis area since 2005. In March 2024, Crady was diagnosed with thyroid cancer.

On August 29, 2025, Plaintiffs Jason Crady and his wife Nicole Crady filed the instant action in the 22nd Judicial Circuit Court of Missouri in St. Louis City, raising state law claims and alleging that Defendants 3M Company ("3M") and others caused Crady's cancer through their sale and distribution of carcinogenic products, gear, and equipment for use in EMT and firefighting work. Plaintiffs did not assert any claims against 3M or others for exposure to 3M-manufactured aqueous film-forming foam ("AFFF").

1

On September 16, 2025, 3M filed a notice of removal in this Court pursuant to 28 U.S.C. § 1442, the federal officer removal statute. In its notice of removal, 3M alleges that the cancer-causing chemicals to which Crady was exposed consisted of per- and polyfluoroalkyl substances ("PFAS"), which are contained in AFFF that 3M manufactured and sold to the U.S. military in accordance with the military's specifications ("MilSpec AFFF"). On September 26, 2025, 3M moved to stay all proceedings until the Judicial Panel on Multidistrict Litigation (the "JPML") rendered a final decision on 3M's motion to transfer this action to the District of South Carolina for inclusion in the multidistrict litigation proceeding captioned *In re Aqueous Film-Forming Foams (AFFF) Products Liability Litigation* (MDL No. 2873) (the "MDL").

On October 1, 2025, Plaintiffs filed an opposition to 3M's motion to stay and cross-moved to remand this action. On October 28, 2025, Plaintiffs moved to expedite Crady's evidence deposition. On November 6, 2025, the Court granted 3M's motion to stay all proceedings in part pending a final decision from the JPML with the exception of Crady's deposition, regarding which the Court granted Plaintiffs' motion to expedite. Crady's deposition. Crady's deposition was taken on November 24 and 25, 2025.

On December 11, 2025, the JPML denied 3M's motion to transfer. Following the JPML's decision, Plaintiffs moved this Court to lift the partial stay and consider Plaintiffs' motion to remand, which the Court granted on January 6, 2026. The parties have submitted multiple filings regarding the motion to remand, and the Court is now prepared to rule.

## II.    Legal Standard

The federal officer removal statute, 28 U.S.C. § 1442, provides that a civil action may be removed to federal court where the action is against or directed to "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of

2

any agency thereof, in an official or individual capacity, for or relating to any act under color of such office[.]" 28 U.S.C. § 1442(a)(1). "When the removing party is not itself a federal officer or agency, it must make a threshold showing that (1) it is a person under the statute, (2) it acted under the direction of a federal officer, (3) a causal connection exists between its complained-of conduct and official federal authority, and (4) it has a colorable federal defense to the claim or claims against it." *Doe v. BJC Health Sys.*, 89 F.4th 1037, 1041 (8th Cir. 2023) (cleaned up).

The removing party bears the burden of proving the grounds supporting federal officer removal. *See, e.g., Bailey v. Monsanto Company*, 176 F.Supp.3d 853, 869 (E.D. Mo. 2016). Moreover, the removing party must "provide 'candid, specific and positive' facts in [the] notice of removal showing that a plaintiff's claims are based on its conduct as a federal officer." *Kelly v. Monsanto Co., Solutia Inc.*, No. 4:15-CV-1825-JMB, 2016 WL 3543050, at *3 (E.D. Mo. June 29, 2016) (quoting *Willingham v. Morgan*, 395 U.S. 402, 408 (1969)). "As applied to non-governmental corporate defendants, such entities must demonstrate that the acts for which they are being sued occurred because of what they were asked to do by the Government." *Burford v. Monsanto Co.*, No. 4:16-CV-536, 2017 WL 1315800, at *5 (E.D. Mo. Apr. 10, 2017) (cleaned up) (quoting *Isaacson v. Dow Chemical Co.*, 517 F.3d 129, 137 (2d Cir. 2008)).

"For a defense to be considered colorable, it need only be plausible; § 1442(a)(1) does not require a court to hold that a defense will be successful before removal is appropriate." *United States v. Todd*, 245 F.3d 691, 693 (8th Cir. 2001). This principle applies equally when a private party seeks federal officer removal based on a government contractor defense under federal common law. *Graves v. 3M Co.*, 17 F.4th 764, 771 (8th Cir. 2021). On the other hand, a defense cannot be "immaterial and made solely for the purpose of obtaining jurisdiction or wholly insubstantial and frivolous." *Fernandez v. Tyson Foods, Inc.*, 509 F.Supp.3d 1064, 1081

3

(N.D. Iowa 2020) (quoting *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 297 (5th Cir. 2020)). *See also City & Cnty. of Honolulu v. Sunoco LP*, 39 F.4th 1101, 1110 (9th Cir. 2022) ("[C]onclusory statements and general propositions of law do not make [a defense] colorable."). Rather, "specific factual allegations combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations" are required. *O'Shea v. Asbestos Corp., Ltd*, No. 3:19-CV-127, 2019 WL 12345572, at *4 (D.N.D. Dec. 13, 2019*), report and recommendation adopted sub nom. O'Shea v. Asbestos Corp., Ltd.*, No. 3:19-CV-127, 2020 WL 9848714 (D.N.D. Jan. 8, 2020) (quoting *Waters v. Ferrara Candy Co.*, 873 F.3d 633, 636 (8th Cir. 2017) (cleaned up).

The U.S. Supreme Court has clarified that § 1442(a)(1) is "liberally construed," *Watson v. Philip Morris Co., Inc.*, 551 U.S. 142, 147 (2007), and "should not be frustrated by a narrow, grudging interpretation." *Willingham*, 395 U.S. at 407. Moreover, removal under § 1442(a)(1) "is an exception to the well-pleaded complaint rule, under which (absent diversity) a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case arises under federal law." *Kircher v. Putnam Funds Tr.*, 547 U.S. 633, 644 n.12 (2006) (cleaned up). Pursuant to § 1442(a)(1), removal is permitted "despite the nonfederal cast of the complaint; the federal-question element is met if the defense depends on federal law." *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 431 (1999). Requiring a clearly sustainable defense rather than a colorable defense would defeat the purpose of the removal statute, as would demanding an airtight case on the merits to establish a causal connection. *Id.* at 432.

### III.    Arguments

In their motion to remand [ECF No. 13], Plaintiffs argue that 3M failed to meet its burden of demonstrating that removal is proper. First, Plaintiffs point out that the JPML has determined that this case does not belong there, as 3M has not established that Plaintiffs' case involves AFFF

4

exposure. Plaintiffs acknowledge that 3M cites extensive evidence establishing its supply of AFFF to the U.S. military and the steps it took to comply with the direction and control of federal officers but contend that 3M supplying AFFF as a government contractor has no connection to this action, which contains no allegations of AFFF exposure and involves Crady's work as a non-military, civilian firefighter.

According to Plaintiffs, 3M cannot effectively claim that Crady had plausible exposure to AFFF as a firefighter just by asserting that its AFFF products have been used by firefighters in Missouri. Plaintiffs argue that since 3M has not presented evidence that it supplied AFFF to firefighters in Missouri or to any fire department that employed Crady, 3M's claims are immaterial and implausible allegations which fail to satisfy the standard for federal officer removal. *See Burford*, 2017 WL 1315800 at *5-6. Moreover, Plaintiffs assert that 3M cannot credibly claim that Crady was plausibly exposed to AFFF through other means such as his regular water consumption. Plaintiffs' petition contains no allegations of exposure to AFFF through water consumption.

Plaintiffs believe that *People ex rel. Raoul v. 3M Company*, 111 F.4th 846 (7th Cir. 2024) is directly applicable. In *Raoul*, the Seventh Circuit affirmed the district court's remand of a state court action, finding that 3M failed to present a colorable federal defense. In that case, the State of Illinois sued 3M in Illinois state court alleging that 3M contaminated the Mississippi River by producing non-AFFF PFAS chemicals at a facility bordering the river. *Id*. at 847. 3M removed the action to federal court, arguing that some of the PFAS contamination in the river may have come from AFFF that 3M provided to the U.S. military for use at a separate facility on the river. *Id*. at 848. The State of Illinois, however, confirmed it was not seeking relief against 3M for mixed PFAS contamination resulting from the production and supply of AFFF. *Id*. at 849.

Moreover, the State of Illinois confirmed a factfinder would not need to apportion PFAS contamination between sources. *Id.* The Seventh Circuit held that under such circumstances 3M could not present a colorable federal defense because the defense was wholly irrelevant under the States's theory of recovery. *Id.* Here, since Plaintiffs are not claiming that Crady was exposed to AFFF through his consumption of water or that he was exposed to PFAS-containing AFFF as a firefighter or in any other role, Plaintiffs maintain that 3M's defense in this case is likewise wholly irrelevant to Plaintiffs' theory of recovery.

Regarding Crady's presence as a plaintiff in a prior MDL action, Plaintiffs state that Crady was erroneously named as one of several dozen plaintiffs and that it was voluntarily withdrawn when it became apparent that the allegations were not appropriate for Crady's case. Plaintiffs argue that the voluntary discontinuance indicates that AFFF exposure is not at issue in the instant action and conclude that 3M's dearth of evidence substantially undermines its basis for removal.

In its opposition to Plaintiffs' motion to remand [ECF No. 37], 3M states that it removed this action to federal court because Crady's alleged exposure to the asserted cancer-causing chemicals giving rise to Plaintiffs' claims was plausibly caused at least in part by PFAS-containing AFFF that 3M manufactured and sold to the U.S. military in accordance with the military's specifications. 3M alleges that its AFFF products have been used by firefighters and impacted drinking water in various locations across the United States including Missouri.

Casting doubt on Plaintiffs' assertion that Crady was erroneously included in the prior MDL action, 3M states that the MDL complaint contained allegations specific to Crady, even specifying where he worked. The supposed error of inclusion was apparently not discovered for six months and only after 3M removed that case to federal court as part of the MDL. 3M asserts

6

that its notice of removal is supported by Crady's allegations from the MDL complaint, where he alleged, he was exposed to PFAS from firefighting foam as a military and/or civilian firefighter and asserted various exposure pathways for PFAS, including through inhalation, ingestion, and dermal exposure. 3M thus argues it is entitled to a federal forum so that its federal defense can be heard and to address the facts necessary to resolve Crady's claimed exposure to PFAS.

Moreover, 3M contends that Plaintiffs misunderstand the role of the JPML. 3M states that the JPML has often clarified it has no power "to decide questions going to the jurisdiction or the merits of a case, including issues relating to a motion to remand." *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 669 F. Supp. 3d 1375, 1378 (J.P.M.L. 2023) (citations omitted). 3M argues that no JPML ruling could be fatal to its removal arguments; to plead a basis for federal jurisdiction under the federal officer removal statute, it need only plausibly allege the required elements. 3M points to its successful defense of removals under § 1442 even in cases where the JPML denied transfer to the MDL. *See Maryland v. 3M Co.*, 130 F.4th 380 (4th Cir. 2025) (reversing district court remand order); Transfer Order, *In re AFFF*, MDL No. 2873, ECF No. 2129 (J.P.M.L. Oct. 4, 2023) (JPML order denying transfer of same case and noting that "if it becomes clearer that [the plaintiffs'] AFFF and non-AFFF actions involve the same ground or surface waters, transfer may eventually be appropriate."); *City of Irondale, Alabama v. 3M Co., Inc.*, No. 2:24-CV-01327-AMM, 2025 WL 2419238 (N.D. Ala. Aug. 19, 2025) (denying motion to remand); Transfer Order, *In re AFFF*, MDL No. 2873, ECF. No. 3260 at 1-3 (J.P.M.L. Feb. 12, 2025) (JPML order denying transfer of same case).

3M scrutinizes Plaintiffs' state court petition, which alleged that Crady "was dermally exposed to, or otherwise inhaled, ingested, and/or otherwise absorbed cancer-causing chemicals included in firefighting protective gear," alleging further that the "cancer-causing chemicals were

7

components and ingredients in various materials/Products that Petitioner worked with, manufactured, produced, sold, or distributed by Defendants." ECF No. 8 at 4. 3M contends that these pathways of exposure through multiple unspecified materials and products are the types of combinations of exposure that provide a basis for federal jurisdiction. 3M asserts that the factual dispute here will involve, to one degree or another commingling sources of exposure into one individual's body. 3M maintains that even if Plaintiffs expressly disclaimed any recovery for PFAS exposure stemming even in part from MilSpec AFFF, removal would still be proper because this Court must credit 3M's theory of removal. *See Acker*, 527 U.S. at 431-32.

3M argues that the parties must litigate whether and how any portion of the alleged PFAS exposure resulted from 3M's manufacture of AFFF, and that the factfinder will need to apportion PFAS between AFFF and any other sources. 3M also contends its federal defense raises triable issues of fact and is at least colorable for removal purposes based on federal officer jurisdiction. 3M asserts it is entitled to make "a full factual presentation at trial" and have its federal defense resolved "by a final jury verdict." *In re AFFF*, No. 2:18-mn-2873-RMG, 2022 WL 4291357, at *15 (D.S.C. Sept. 16, 2022).

3M maintains that Plaintiffs are attempting to use state law to attack design choices dictated by the military to impose tort liability on 3M for alleged injuries that were caused in whole or in part by 3M's compliance with military specifications. According to 3M, its status as a government contractor grants that the federal officer defense precludes such an attack. *See Boyle v. United Techs. Corp.*, 487 U.S. 500, 509 (1988). 3M argues that this defense asserted by 3M and other MilSpec AFFF manufacturers presents genuine issues of fact for trial based on an extensive factual record in the MDL. *See In re AFFF Prods. Liab. Litig.*, 2:18-mn-02873, 2022

8

WL 4291357, at *12, 15 (D.S.C. Sept. 16, 2022). 3M submits that a defense that presents triable issues is colorable and that it has satisfied the remaining element required for federal jurisdiction.

Following Crady's evidence deposition, 3M asserts that Crady's testimony, to the extent considered at all, supports a federal forum [ECF No. 134]. In particular, 3M identifies multiple potential exposures to firefighting foam products in Crady's testimony, including that he worked with firefighting foam (during training), that he responded to calls where it appeared firefighting foam had been used, and that the fire department where he worked kept multiple cans of firefighting foam concentrate stocked at the firehouse and carried firefighting foam concentrate on the department's pumper truck. 3M contends that Crady's deposition failed to identify which carcinogenic products Crady was exposed to, and whether he was ever exposed to AFFF as alleged by 3M.

Accordingly, 3M argues that additional discovery, including but not limited to third-party discovery and requests for records relating to Crady's training, fire response calls, and the firefighting foam products purchased, stored, and used by his employer from record systems maintained by Crady's employer will be required to determine whether and to what extent Crady was exposed to MilSpec AFFF. 3M maintains it is entitled to conduct this discovery and have any factual disputes relating to its federal defense resolved in federal court. *See, e.g., Gov't of Puerto Rico v. Express Scripts, Inc.*, 119 F.4th 174, 189 (1st Cir. 2024) ("To the extent the parties raise factual disputes about the scope of a defendant's federal obligations, Congress gave federal officers 'the protection of a federal forum' in which to resolve those disputes.") (quoting *Willingham*, 395 U.S. at 407).

In their final response [ECF No. 136], Plaintiffs reiterate that since the JPML has twice determined Plaintiffs' case lacks MilSpec AFFF exposure and thus does not belong in the MDL,

3M's basis for removal is entirely deficient. Challenging 3M's characterization of Crady's deposition, Plaintiffs state that Crady testified no less than ten times that he was not exposed to foam and that he didn't train anyone on the use of foam. Plaintiffs argue that 3M has attempted to unilaterally inject the issue of AFFF exposure into this action despite the pleadings making no mention of it and despite Crady testifying that he was never exposed to foam. Plaintiffs conclude that 3M's argument should be rejected, and the case should be remanded.

### IV. Analysis

The Court will first note that Plaintiffs and 3M have made numerous references to JPML decisions and prior MDL litigation in their briefs. The Court, however, is not in a position to rely on these proceedings, as they are irrelevant in this context. The statute authorizing the JPML and MDL, 28 U.S.C. § 1407, "does not empower the [JPML] to decide questions going to the jurisdiction or the merits of a case, including issues relating to a motion to remand." *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990). Thus, the Court will decide the motion to remand without reliance on JPML decisions. Indeed, the relevant facts for purposes of this jurisdictional inquiry are contained in Plaintiffs' petition, 3M's notice of removal, and Crady's evidence deposition testimony.

Plaintiffs do not contest that 3M is a person within the meaning of the federal officer removal statute. *See Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 812 (3d Cir. 2016) (holding that a corporation "is in legal fact a person" for purposes of federal officer removal purposes); 1 U.S.C. § 1 (the word "person" "include[s] corporations," "unless the context indicates otherwise"). Plaintiffs also acknowledge 3M's evidence regarding its supply of MilSpec AFFF to the U.S. military in compliance with the direction and control of federal officers, so there is no dispute that 3M acted under the direction of a federal officer. The remaining two elements of

federal officer removal jurisdiction – a causal connection between 3M's actions and the official authority and a colorable federal defense to Plaintiffs' claims – are controverted. Yet, the bulk of the parties' arguments are focused on the colorable federal defense element.[1] The Court will thus direct its attention to that issue.

The Court recognizes that § 1442(a)(1) "should not be frustrated by a narrow, grudging interpretation." *Willingham*, 395 U.S. at 407. At the same time, however, the Court must bear in mind that "[i]t is only the assertion of a colorable federal defense that justifies . . limited Article III jurisdiction in these cases." *Holdren v. Buffalo Pumps, Inc.*, 614 F.Supp.2d 129, 140 (D. Mass. 2009) (citing *Mesa v. California*, 489 U.S. 121, 136-38 (1989)). Thus, the Court should "carefully weigh the plausibility of the proffered defense." *Id.* (citing *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1182 (10th Cir. 2000) ("In light of the limited subject matter jurisdiction granted to the federal courts by Congress, we have a duty to satisfy ourselves that jurisdiction is appropriate.")). Indeed, "[r]elaxing this standard too far, particularly in the context of a private contractor, could well err in the opposite direction—by providing a federal forum to a party whose acts were outside its federal directives." *Id.* at 141. It is important not to reduce the colorable federal defense requirement "to the point of vanishing altogether." *Id.* (citing *Mesa*, 489 U.S. at 132-34).

To avoid diminishing the colorable federal defense element to such a trivial level, the Court must demand that the facts identified by the removing party are sufficient to support the federal defense. *Hagen v. Benjamin Foster Co.*, 739 F.Supp.2d 770, 782 (E.D. Pa. 2010). To be

---

[1] With respect to the causal connection element, 3M contends that military specifications required the use of PFAS in the products at issue in this case, and thus there is a causal connection between 3M's actions and the official authority. Plaintiffs resist 3M's depiction of the matter, stating that there is no applicable caselaw or independent evidence that can prove this element of the inquiry. The Court will not reach the issue of causal connection here, as the colorable federal defense element is determinative.

11

sure, "candid, specific, and positive facts" are essential to defend removal. *Kelly*, 2016 WL 3543050 at *3. If there are not sufficient facts here, Plaintiffs' point is well taken that in the event removal is still permitted, it would absurdly follow that any case in which 3M is a defendant would be removable to federal court. If 3M can sustain removal merely by alleging exposure to MilSpec AFFF without sufficient supporting evidence in the record, 3M would have the ability to remove any case simply by virtue of its manufacture of MilSpec AFFF. But 3M cannot just assert MilSpec AFFF exposure into any factual scenario. Such a result would be nonsensical and out of line with the purpose of § 1442(a)(1). Sufficient facts are needed to support the colorable federal defense element, without which removal is precluded. *See, e.g., Hagen*, 739 F.Supp.2d at 782-83 ("It is the sufficiency of the facts stated—not the weight of the proof presented—that matters.").

### 1.  Sufficiency of the facts

In light of Crady's cancer diagnosis and the unpredictable nature of his prognosis, the Court found good cause to expedite Crady's evidence deposition. The risk of compromising important evidence due to delay outweighed any potential concerns of prejudice to Defendants. In granting an expedited deposition, the Court provided an opportunity for both sides to obtain additional facts to support their respective cases.

Crady testified that in one instance during firefighting training, he was in a group that handled a hose used to discharge foam. ECF No. 134-1 at 3-4. He "was probably the fourth person on the hose" and approximately ten to twenty feet from the nozzle. *Id.* at 4-5. He did not mix, load, wade in, or touch the foam during that training. *Id.* at 5. At another training session, Crady learned how to load foam into a truck, but he did not personally load any foam or open any foam container. *Id.* at 7-8. He confirmed that he never loaded foam himself. *Id.* at 9. When

12

shown pictures relating to purported instances of firefighting during his career, Crady could not identify whether a substance inside of a car was foam or "just stuff melted." *Id*. at 15-18. Crady testified that he did not believe he had ever been exposed to foam. ECF No. 136-1 at 117. Plaintiffs state that Crady testified "no less than ten times he was not exposed to foam, and he didn't train anyone on the use of foam." ECF No. 136 at 3.

A colorable defense amounts to "[a] plausible claim that may reasonably be asserted, given the facts presented and the current law (or a reasonable and logical extension or modification of the current law)." Colorable Claim, Black's Law Dictionary (12th ed. 2024). *See also Papp*, 842 F. 3d at 815 (quoting Colorable Claim, Black's Law Dictionary (10th ed. 2014)). Taking the facts presented in Crady's testimony into context with all the evidence in the record, 3M's federal defense does not constitute a plausible claim that may reasonably be asserted. Crady testified multiple times in his deposition that he has not been exposed to AFFF. The allegations of such exposure in 3M's notice of removal are thus not supported by any specific facts "combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *O'Shea*, 2019 WL 12345572 at *4 (quoting *Waters*, 873 F.3d at 636).

There is simply "no evidence in the record to substantiate with any degree of certainty the assertion" that Crady was exposed to MilSpec AFFF. *Copeland v. 3M Co.*, No. CV 20-1490 (JRT/TNL), 2023 WL 185983, at *3 (D. Minn. Jan. 13, 2023) (granting motion to remand where the plaintiffs' testimony contradicted the defendant's contentions and no other evidence in the record established a colorable federal defense); *Jalili v. 3M Co.*, No. CV 20-1157 (JRT/TNL), 2022 WL 3044799, at *3 (D. Minn. Aug. 2, 2022) (same). The Court is not applying a heightened standard. A showing that the defense will be successful is unnecessary. Rather, 3M need only plausibly allege the necessary facts to support a colorable defense. *See Todd*, 245 F.3d

at 693; *Jalili*, 2022 WL 30447990 at *3. It is apparent that 3M, however, has not plausibly alleged such necessary facts. Without factual and inferential support, it is evident that 3M's federal defense is "immaterial and made solely for the purpose of obtaining jurisdiction" as well as "wholly insubstantial and frivolous." *Fernandez*, 509 F.Supp.3d at 1081 (quoting *Latiolais*, 951 F.3d at 297). Based on the insufficiency of the facts in this particular case, the Court finds that 3M has failed to establish a colorable federal defense.

## 2. Sufficiency of the disclaimer

In addition to the insufficiency of the facts, another factor is whether Plaintiffs have waived or disclaimed any potential claims arising out of exposure to AFFF. In *Grady v. Monsanto Co.*, No. 4:23-CV-226-JAR, 2023 WL 4884468 (E.D. Mo. Aug. 1, 2023), the plaintiffs filed a notice of waiver stating they were not claiming and expressly waived the right to claim "any damages relating to, or arising out of, exposure to, or injuries suffered as a result of" the specific products that the defendants asserted were involved in the action. *Id.* at *2.

Here, while Plaintiffs have consistently asserted that AFFF has nothing to do with the case, it is not immediately clear whether they have filed an express waiver of their rights to any potential claims arising out of exposure to AFFF. But importantly, Plaintiffs assert they have "effectively disclaimed AFFF exposure." ECF No. 75 at 3. Over the course of this litigation, Plaintiffs have consistently maintained that they are not claiming AFFF exposure. *See, e.g.*, ECF No. 13 at 14 ("Plaintiffs are not claiming that Mr. Crady was exposed to 3M AFFF through his consumption of water, nor are Plaintiffs in possession of evidence that he was exposed to PFAS-containing AFFF as a firefighter, EMT, or paramedic."); ECF No. 136 at 2 ("Given there is no evidence Mr. Crady was ever exposed to 3M manufactured AFFF at any point in his life, let

14

alone during his professional career, or through military service, Plaintiffs did not assert any claims against 3M or others for exposure to AFFF.").

The Court finds that Plaintiffs' statement that they have effectively disclaimed AFFF exposure and their additional confirmations that they are not claiming AFFF exposure are sufficient to serve as an express disclaimer of the right to claim damages relating to, or arising out of, exposure to, or injuries suffered as a result of MilSpec AFFF. While Plaintiffs could have been more direct on this front, the Court finds that Plaintiffs are bound by their representations, including Crady's sworn testimony, and these representations constitute a waiver of any claim of AFFF exposure. *See, e.g., Batchelor v. Am. Optical Corp.*, 185 F.Supp.3d 1358, 1364 (S.D. Fla. 2016) (finding that the following statements served as disclaimers: "Plaintiffs cannot allege any claims or injuries caused by asbestos exposure in a federal enclave because there is no proof of such exposure" and "Because Plaintiffs did not and could not have brought suit against CBS based on the record evidence, specifically asbestos exposure in the Navy attributable to CBS, it is therefore impossible and disingenuous for CBS to claim a colorable defense to non-existing claims.").

As the Court explained in *Grady*, "federal courts have consistently granted motions to remand where the plaintiff expressly disclaimed the claims upon which federal officer removal was based." 2023 WL 4884468 at *2. For instance, in *Frawley v. Gen. Elec. Co.*, a husband and wife sought damages from the defendants for alleged injuries due to asbestos exposure. 2007 WL 656857, at *1 (S.D.N.Y. Mar. 1, 2007). After the defendants removed the case under § 1442, the plaintiffs amended their complaint to delete all allegations concerning the husband's naval exposure and filed a motion to remand. *Id.* at *2. The plaintiffs' motion to remand was granted because "a properly removed case can be remanded to the state court after the complaint is

15

amended to remove the allegations that made removal proper." *Id.* at *3. Like the husband and wife in *Frawley*, Plaintiffs here have not presented any allegations relating to the relevant federal concern (i.e., MilSpec AFFF) in their amended petition. *See also Westbrook v. Asbestos Defendants (BHC)*, No. C-01-1661-VRW, 2001 WL 902642, at *1-2 (N.D. Cal. July 31, 2001) (granting motion to remand where claim disclaimer found effective); *O'Shea*, 2019 WL 12345572 at *4 (same); *Kelleher v. A.W. Chesterton Co.*, No. 15-CV-893-SMY-SCW, 2015 WL 7422756, at *2 (S.D. Ill. Nov. 23, 2015) (same). *Maguire v. A.C. & S., Inc.*, No. 14 CIV. 7578 PAE, 2015 WL 4934445, at *4 (S.D.N.Y. Aug. 18, 2015) (same); *Fisher v. Asbestos Corp. Ltd.*, No. 2:14-CV-02338-WGY, 2014 WL 3752020, at *5 (C.D. Cal. July 30, 2014) (same).

Likewise, in *Raoul*, the plaintiff confirmed that it was not seeking relief against 3M for mixed PFAS contamination resulting from the production and supply of AFFF and that a factfinder would not need to apportion PFAS contamination between sources. 111 F.4th at 849. Here, Plaintiffs have maintained that AFFF has nothing to do with this case and "effectively disclaimed AFFF exposure." ECF No. 75 at 3. While Plaintiffs could have presented a more straightforward disclaimer, the Court finds that Plaintiffs have "clearly and unequivocally conceded" via their statements that they will not seek relief for exposure resulting from MilSpec AFFF. *Raoul*, 111 F.4th at 849. Plaintiffs' disclaimer "has rendered any federal defenses moot," as 3M has no "right to assert a defense against a claim that does not exist." *Kelleher*, 2015 WL 7422756 at *2.

Finally, in *New Hampshire v. 3M Co.*, 665 F. Supp. 3d 215 (D.N.H. 2023), *aff'd*, 132 F.4th 556 (1st Cir. 2025), 3M removed the case under the federal officer removal statute, arguing there was jurisdiction because some of the contamination at issue plausibly overlapped or commingled with PFAS contamination from MilSpec AFFF. *Id.* at 220. The State of New

16

Hampshire moved to remand in part because the State disclaimed any recovery for PFAS contamination from AFFF products. *Id.* The district court granted the motion to remand due to the State's disclaimer of recovery for harm from AFFF contamination, which eliminated any connection between the State's claims and 3M's production of MilSpec AFFF. *Id.* Due to the disclaimer, there was no possibility that 3M could be found liable for any damages caused by AFFF. *Id.* at 227-28. The district court noted that if the evidence showed that AFFF caused any of the damages, the portion attributable to AFFF would be subtracted from any damages awarded the State; if no apportionment was possible, no damages could be awarded. *Id.* at 228.

In *Nessel v. Chemguard, Inc.*, 2021 WL 744683 (W.D. Mich. Jan. 6, 2021), a motion to remand was denied after removal under the federal officer removal statute where the plaintiff disclaimed recovery for contamination from MilSpec AFFF but did not disclaim recovery for commercially-produced AFFF. In *New Hampshire*, by contrast, the question of whether an alternate source of contamination was MilSpec AFFF was irrelevant because the suit did not involve AFFF of any type. 665 F.Supp.3d at 229. Plaintiffs in this action have similarly disclaimed AFFF exposure of any kind, and they are bound by their disclaimer.

In light of Plaintiffs' disclaimer, therefore, federal jurisdiction is lacking and the case must be remanded to state court. Should Plaintiffs "later attempt to reverse course" to assert a claim based on exposure to MilSpec AFFF, and "is allowed to do so by the state court despite [their] express waiver," 3M can again seek removal under § 1442(a)(1). *Batchelor*, 185 F.Supp.3d at 1365 n.2. (cleaned up).

The Court acknowledges that § 1442 is liberally construed and that removal is permitted even if a complaint has a nonfederal cast. Courts do not require an airtight case on the merits and must credit a removing defendant's theory of the case. But despite broad construction in favor of

removal in this context, federal courts have consistently granted motions to remand where there are insufficient facts to support a colorable federal defense and where the plaintiff expressly disclaims recovery for the claims on which federal removal is based. Here, the absence of sufficient facts supporting a colorable federal defense as well as Plaintiffs' disclaimer remove the basis for federal jurisdiction under the federal officer removal statute. Therefore, the Court will grant Plaintiffs' motion to remand.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to remand [ECF No. 13] is **GRANTED**, and this action is **REMANDED** to the Circuit Court of the City of St. Louis, Missouri.

Dated this 7th day of April, 2026.

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**